SAMUEL GALLE et al., Respondents, v. ADOLPH TODE et al.,
Appellants.

1. REFUSAL TO FIND. The refusal to find a fact is not tantamount to a
finding against a fact, unless the intention of the court to be so under-
stood is clearly apparent.

2. CONFESSION OF JUDGMENT — STATUTE OF FRAUDS — FRAUDULENT
INTENT. The fraudulent intent of a failing debtor in confessing a judg-
ment for a *bona fide* indebtedness will not of itself render the judgment
void within the meaning of the Statute of Frauds (2 R. S. 137, § 1); and
in the absence of knowledge of such intent or some participation in the
fraudulent scheme by the judgment creditor, such judgment, as to him,
may be treated as free from fraud.

3. UNAUTHORIZED EXECUTION AND LEVY — RATIFICATION. Although
a judgment for a *bona fide* indebtedness, confessed by the debtor with a
fraudulent intent, may be treated as free from fraud when the judgment
creditor is innocent of knowledge of the intent or participation in the
scheme, yet, when, without the knowledge of or authority from the cred-
itor, an attorney acting under direction of the debtor enters the judgment,
issues execution and causes a levy thereunder, such execution and levy
will be void as against the lien of a valid attachment subsequently levied
by another creditor prior to a ratification, by the creditor to whom judg-
ment was confessed, of the acts of the attorney in issuing execution and
causing it to be levied.

Reported below, 74 Hun, 542.

(Argued January 13, 1896; decided January 21, 1896.)

APPEAL from judgment of the General Term of the
Supreme Court in the first judicial department, entered upon
an order made December 15, 1893, which affirmed a judg-
ment in favor of plaintiffs entered upon the report of a
referee.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Emmanuel J. Myers* for appellants. Fraud cannot be
predicated upon a judgment confessed for a *bona fide*
indebtedness in the absence of some agreement between the
parties to the action whereby the debtor reserves or is to
receive some benefit. (*Galle* v. *Tode*, 74 Hun, 542, 545, 546;

*Vietor* v. *Levy,* 72 Hun, 263 ; *Simons* v. *Goldbach,* 56 Hun, 204 ; *I. W. Co.* v. *Payne,* 11 N. Y. Supp. 408 ; *Abegg* v. *Schwab,* 9 N. Y. Supp. 681 ; *Warner* v. *Lake,* 14 N. Y. Supp. 10 ; *King* v. *Munzer,* 28 N. Y. Supp. 587 ; *Knower* v. *C. N. Bank,* 124 N. Y. 552 ; *Abegg* v. *Bishop,* 142 N. Y. 286 ; *Dudley* v. *Danforth,* 61 N. Y. 626 ; *A. E. Bank* v. *Fitch,* 48 Barb. 344 ; *Carr* v. *Briggs,* 156 Mass. 78 ; *Werner* v. *Zierfuss,* 162 Penn. St. 360 ; *Covanhovan* v. *Hart,* 21 Penn. St. 495 ; *State* v. *Mason,* 24 Mo. App. 321 ; *Alberger* v. *White,* 117 Mo. 348 ; *Gray* v. *St. John,* 35 Ill. 222 ; *Chapman* v. *Windmiller,* 29 Ill. App. 393 ; *Owens* v. *Clark,* 78 Tex. 547 ; *Ferguson* v. *Spear,* 65 Maine, 277 ; *Jones* v. *Lores,* 37 Neb. 816 ; *Bates* v. *Vandiver,* 14 South. Rep. 631 ; *Gilbert* v. *McCorkle,* 110 Ind. 215 ; *Stroff* v. *Swafford,* 81 Iowa, 695 ; *Chase* v. *Walters,* 28 Iowa, 460 ; *Husie* v. *Connor,* 53 Kans. 713 ; *E. I. & S. Works* v. *Bresnahan,* 66 Mich. 489 ; *Sweetzer* v. *Higby,* 63 Mich. 13 ; *Murphy* v. *Briggs,* 89 N. Y. 446, 451 ; *Weaver* v. *Barden,* 49 N. Y. 286, 300 ; *Seymour* v. *Wilson,* 19 N. Y. 417, 421 ; *I. W. Co.* v. *Payne,* 11 N. Y. Supp. 410 ; *Stimson* v. *Wrigley,* 86 N. Y. 336 ; *C. W. Co.* v. *Hodenpyl,* 135 N. Y. 430 ; *Manning* v. *Beck,* 129 N. Y. 1 ; *Lamb* v. *Smith,* 132 Mass. 574, 579 ; *Adler* v. *Fenton,* 24 How. Pr. 407 ; *Chambers* v. *Baldwin,* L. R. [11 App.] 545, 548, 549 ; *M. Bank* v. *Tinker,* 27 Atl. Rep. 838 ; *Young* v. *Clapp,* 32 N. E. Rep. 187 ; *Green* v. *Roworth,* 113 N. Y. 462 ; *Conselyea* v. *Blanchard,* 103 N. Y. 231 ; *Lindsley* v. *Van Cortlandt,* 67 Hun, 145.) The intent of the debtors Tode and Wulling to commit a fraud will not prevent them from purging themselves therefrom by abandoning the enterprise and devoting and applying their property to the payment of their just debts. (*Murphy* v. *Briggs,* 89 N. Y. 446 ; *Carll* v. *Emery,* 148 Mass. 32 ; *Dolan* v. *Van Demark,* 35 Kans. 304.) The promise not to make a preference or disturb the status of March twenty-fourth was not binding, because there was no consideration to support it ; nor did it amount to an estoppel so as to prevent the debtors applying their property to the payment of *bona fide* indebtedness. (*Mandeville* v. *Avery,*

124 N. Y. 376, 372; *Hauselt* v. *Vilmar*, 2 Abb. [N. C.] 222; *Iselin* v. *Henlein*, 16 Abb. [N. C.] 73.) The creditors, other than Levi and Materne, to whom judgments were confessed without their knowledge, are entitled to hold the benefit thereof. They cannot in any wise be said to be parties to the debtor's fraud, or to have any notice thereof. (*Teel* v. *Yost*, 128 N. Y. 387; *Munoz* v. *Wilson*, 111 N. Y. 295; *Rosseau* v. *Bleau*, 131 N. Y. 177.)

*Benjamin N. Cardozo* for respondents. The intent of Tode Brothers in confessing the judgments which have been assailed by the plaintiffs in this action was to hinder, delay and defraud their creditors. (*Young* v. *Heermans*, 66 N. Y. 374, 382; *Crouse* v. *Frothingham*, 27 Hun, 123; *Booth* v. *Bunce*, 33 N. Y. 139; *Swift* v. *Hart*, 35 Hun, 128; *Billings* v. *Russell*, 101 N. Y. 226, 232; Wait on Fraud. Conv. § 208; *Decker* v. *Decker*, 108 N. Y. 128; *Billings* v. *Russell*, 101 N. Y. 226; *Baldwin* v. *Short*, 125 N. Y. 560; *Loos* v. *Wilkinson*, 110 id. 195.) The defendants Materne and Levi were parties and privies to the debtors' fraudulent intent. (*Ogden* v. *Alexander*, 140 N. Y. 356; *F. Nat. Bank* v. *Chalmers*, 144 N. Y. 432, 436; *Marvin* v. *B. I. M. Co.*, 55 N. Y. 547; *T. Nat. Bank* v. *Parker*, 130 N. Y. 415; *Green* v. *Roworth*, 113 N. Y. 462; *Parker* v. *Conner*, 93 N. Y. 118; *Roeber* v. *Bowe*, 26 Hun, 554; *Billings* v. *Russell*, 101 N. Y. 226, 233; *Starin* v. *Kelly*, 88 N. Y. 418; *Zoeller* v. *Riley*, 100 N. Y. 102; *Decker* v. *Decker*, 108 N. Y. 128; *Schmidt* v. *Opie*, 33 N. J. Eq. 141; Wait Fraud. Conv. § 208.) Not only the judgments of Materne and Levi, but the judgments of the other creditors as well, must be held to be subordinate to the attachment of the plaintiffs. (*Cook* v. *Tullis*, 18 Wall. 332; *Taylor* v. *Robinson*, 14 Cal. 396; *Bird* v. *Brown*, 4 Exch. 799; *Stoddard's Case*, 4 Ct. of Claims, 511; *Murray* v. *Wooden*, 17 Wend. 531; *Pickering* v. *Lomax*, 145 U. S. 315; *Bliss* v. *Cottle*, 32 Barb. 322, 327; *Andrews* v. *A. Ins. Co.*, 92 N. Y. 597, 604; Story on Agency [9th ed.], § 245; Whart. on Agency, §§ 76, 77, 78; Code Civ. Pro. § 1364;

*Simons* v. *Goldbach*, 56 Hun, 204; 123 N. Y. 637; *Ingalls* v. *Morgan*, 10 N. Y. 184; *Dewey* v. *Moyer*, 72 N. Y. 80; *Constant* v. *University of Rochester*, 111 N. Y. 604; 1 Pars. on Cont. [6th ed.] 75; 2 R. S. 137, §§ 1–5; *I. W. Co.* v. *Payne*, 11 N. Y. Supp. 410; *F. N. Bank* v. *Bard*, 59 Hun, 529; *Claflin Co.* v. *Arnheim*, 87 Hun, 236; *Galle* v. *Tode*, 60 Hun, 132; 74 Hun, 542; *Vietor* v. *Levy*, 72 Hun, 263; *Young* v. *Herrmans*, 66 N. Y. 374; *Loos* v. *Wilkinson*, 110 N. Y. 195; *Starin* v. *Kelly*, 88 N. Y. 418; *Clark* v. *Taylor*, 37 Hun, 312; *Jacques* v. *Greenhood*, 12 Abb. Pr. 232.)

HAIGHT, J. The plaintiffs are judgment creditors of the defendants Tode and Wulling, who were co-partners doing business under the name of "Tode Brothers," and engaged in the grocery business in the city of New York, and at Monroe, in the county of Orange. The plaintiffs bring this action to set aside certain judgments confessed by Tode and Wulling in favor of the other appellants, on the ground of fraud, or to postpone such judgments, with the executions issued thereon, to the lien of the plaintiffs' judgment and execution.

On or about the 7th day of March, 1891, the defendants Tode and Wulling became financially embarrassed, and convinced that they could not longer continue their business without obtaining from their creditors an extension of time for the payment of their debts; thereupon they, in company with the defendants, Levi and Materne, organized a corporation by the name of "Tode Brothers Company," and transferred thereto all of their property and stock in trade, without receiving therefor any consideration, money or stock in such corporation. They then called a meeting of their creditors for March 16th, 1891, for the purpose of procuring a compromise. At such meeting the defendants Tode and Wulling disclosed to their creditors the fact that their property had been transferred to the corporation, so that it could not be reached by them. They were then advised that such transfer was fraudulent and void in law, and the creditors appointed a committee

to formulate an arrangement by which the property could be applied *pro rata* upon the debts of the firm. On the 24th day of March a meeting of the committee was held, at which the defendants Wulling, Levi and Materne were present, and at which the committee formulated a plan for the adjustment of the affairs of the company. They then prepared and signed a notice to the creditors calling a meeting for the 26th of March, in order to present their plan for approval and acceptance. The notice was delivered to Wulling to be sent to the creditors, but instead of sending the same he withheld and suppressed it, and, in company with Levi and his counsel, went to the residence of the defendant Materne, and there Levi, as president, Materne, as treasurer, and Tode and Wulling, as directors, passed a resolution authorizing a re-transfer of the property of the corporation to the defendants Tode and Wulling, and then executed such a transfer. On the next day the defendants Tode and Wulling confessed judgments in favor of Levi for the sum of $3,058.09, and in favor of Materne for the sum of $5,543.09, which judgments were immediately docketed in the office of the clerk of the county of New York, and transcripts thereof filed in the office of the clerk of Orange county, upon which executions were issued to the sheriffs of the respective counties. The defendants Tode and Wulling thereafter, but on the same day, confessed judgments in favor of eight other creditors of their firm, but without such creditors' knowledge, and they caused these judgments to be entered, executions to be issued thereon to the sheriffs of the counties of New York and Orange, and levies to be made upon the property of Tode and Wulling. After the execution of such judgments, and the levy of the executions thereon upon the property of the defendants Tode and Wulling, the plaintiffs procured an attachment, to be issued in an action brought by them, to recover a judgment for the amount of their claim, which attachment was levied upon the property of the defendants Tode and Wulling, but after the levy of the executions issued upon the judgments previously confessed. Subsequently the property so levied upon in the

county of New York was sold and the same was purchased by
the defendant Levi, under the assumed name of Levison, and
shortly thereafter the same was transferred to the wives of
the defendants Tode and Wulling, who formed a co-partner-
ship and continued the business through their husbands at
the same place and in the same manner that it had theretofore
been conducted. At about the same time the property levied
upon in Orange county was sold to the defendant Materne,
who caused a corporation to be organized under the name of
" The Monroe Cheese Company," that being the name under
which the defendants Tode and Wulling had formerly con-
ducted their business in that county, and such business was
continued by the corporation with the defendant Tode as
manager, and the defendant Wulling as secretary.

The referee has found as facts that the corporation first
organized by the defendants Tode and Wulling, under the
name of " Tode Brothers Company," was organized for the
purpose of receiving the transfer of the property and estates
of " Tode Brothers," so that such property and estates might
be placed beyond the reach of their creditors, including the
plaintiffs, and as part of a scheme contrived by them to obtain
from their creditors an extension of time for the payment of
their debts; that such transfer embraced all of the property,
estates and effects of " Tode Brothers," and was made with a
fraudulent intent to hinder, delay and defraud their creditors;
that the re-transfer of the property of the corporation to Tode
and Wulling, and the confessions of judgments by them in
favor of the other defendants, and the issuing of executions
thereupon, under which all of the property of the defendants
Tode and Wulling was levied upon, were done and accom-
plished by the defendants Tode and Wulling, with the like
fraudulent intent and purpose, and the intent and purpose of
incumbering and covering up their property, so that their
other creditors, including the plaintiffs, should not be able to
reach the same, and for the purpose of hindering and delay-
ing such creditors in the enforcement and collection of their
claims against such defendants, and of compelling such cred-

itors to compromise or settle their claims upon unfavorable terms, and for less than the full amount thereof, and with a. view of, in some manner, reserving to themselves an interest. in the property, notwithstanding the sale thereof under the executions.

The referee also, in substance, found that the attorneys who advised and represented the defendants Tode and Wulling in the transactions pertaining to the confessions of judgments. and the issuing of the executions, were the attorneys of the defendants Levi and Materne, and the same attorneys who, in the matter of the confessions of judgments, acted or assumed to act in behalf of the creditors or plaintiffs in the judgments. so confessed, as well as in behalf of the defendants who confessed them; that the confessions were prepared, judgments. entered and executions issued thereon by such attorneys; that they had knowledge of the said corporation and of the transfer thereby of all the property and estates of "Tode Brothers," and advised Tode and Wulling that such transfer was fraudulent, and that the property should be re-transferred to them by the corporation, and they assisted in making such re-transfer; they also had knowledge of the meeting of the creditors of "Tode Brothers" and the appointment by the creditors of the committee and of the proceedings had between such committee and the debtors with reference to the adjusting of their matters, and they advised that the confessions of judgments should be executed. At the time of such confessions such attorneys were not acquainted with any of the parties in whose favor judgments were confessed, except the defendants Levi and Materne; that the confessions were prepared and judgments entered thereon at the request of the defendants Tode and Wulling and upon the suggestions and advice of such attorneys.

It is quite apparent that the defendants Tode and Wulling were anxious to find some means by which they could avoid payment of their creditors' demands in full and still retain. their goods and continue their business. Their first attempt to dispose of their goods to a corporation and then force a.

compromise or extension of time of payment from their creditors appears to have failed, and then, whilst their creditors were engaged in devising a plan to dispose of the property and apply the proceeds ratably upon the indebtedness of the firm, Tode and Wulling procured a re-transfer of the property from the corporation and then executed the confessions of judgments in question, evidently hoping thereby to derive an advantage from the favored creditors and also to force the other creditors to submit to a compromise.

It is contended on behalf of the respondents that the defendants Levi and Materne were parties and privies to the fraudulent intent of Tode and Wulling. There is, however, no direct finding to that effect. A finding was requested that the defendants Levi and Materne had no knowledge of the intent of Tode and Wulling to defraud their creditors and the request was refused. But the refusal to find a fact is not tantamount to a finding against a fact, unless the intention of the court to be so understood is clearly apparent. The refusal to find may rest upon other considerations; the evidence may not be regarded as satisfactory either for or against, or the fact may not be regarded as material in the determination of the controversy. We do not understand the case of *The Standard Oil Co.* v. *The Triumph Ins. Co.* (64 N. Y. 85) to go further. In the view of the law taken by the referee, as appears from his findings and opinion, the fraudulent intent of the judgment creditors was immaterial. It is, therefore, reasonable to suppose that his refusal was based upon the supposition that the fact requested to be found was immaterial. But whilst there is no direct finding that the defendants Levi and Materne were privies and parties to the fraud, there are findings from which we think such a conclusion is irresistible. They may not have known of the intention of Tode and Wulling at the time of the organization of the corporation or at the time of the transfer of the stock of the firm thereto, but they were present with their attorneys at the time of the re-transfer of the property of the corporation to Tode and Wulling, and as officers of such corporation they took part in

authorizing such re-transfer. They were present at the meeting of the committee of the creditors where the whole subject was discussed and the purpose of the members of the firm disclosed; they were present when the confessions of judgments were made to themselves respectively, and they caused executions to be issued thereon and levies to be made upon the property so re-transferred by the corporation. They subsequently bid in the property upon the sales that were made by the sheriffs, Levi that sold by the sheriff in New York, and Materne that sold by the sheriff in Orange; and they subsequently disposed of the property so bid in in the manner already related, so that the defendants Tode and Wulling substantially have the control and management thereof.

These facts are significant and leave no escape from the conviction that Levi and Materne not only knew of the fraudulent intent and purpose of Tode and Wulling, but actually participated and aided in bringing about the disposition of the property intended by them. We consequently have no difficulty in reaching the conclusion that as to Levi and Materne the determination of the referee is correct.

As to the other judgment creditors a different question is presented. Confessedly they were innocent and had no knowledge of any fraudulent intent on the part of the judgment debtors. The referee and the General Term appear to have reached a conclusion that their judgments were fraudulent owing to the purpose and intent of the judgment debtors, notwithstanding the innocence of the judgment creditors. (Following *Simons* v. *Goldbach,* 9 N. Y. Supp. 359, 360; *Illinois Watch Company* v. *Payne,* 11 N. Y. Supp. 408, 410.) We do not feel at liberty to follow the General Term to the extent indicated in its opinion. Such a rule would practically render useless the statute providing for the confession of judgments and make it dangerous for a diligent creditor to accept from his debtor a confession of judgment. We are aware that under the first clause of the Statute of Frauds providing that every conveyance or assignment of an estate with the intent to hinder, delay or defraud creditors

shall be void, it has been held sufficient to show in the first
instance fraudulent intent of the assignor. (*Starin* v. *Kelly*,
88 N. Y. 418; *Loos* v. *Wilkinson*, 110 N. Y. 195, 209.)
But a somewhat different situation is presented with reference
to the concluding clause, which provides : " And every bond
or other evidence of debt, suit commenced, decree or judg-
ment suffered, with like intent  *  *  *  shall be void."
An assignment is usually the voluntary act of the assignor ;
the assignee may not even be a creditor ; he may take merely
as a trustee to carry out the will of his assignor ; the character,
therefore, of the instrument may depend wholly upon the
intent and purpose of the individual creating it.  But the
commencing of a suit against a debtor and the procuring of a
judgment usually involves some action, participation or direc-
tion of the creditor, and its character cannot always be deter-
mined by the purpose and intent of the debtor.  A confession
of judgment is one of the remedies provided for by the
statute.  It may lawfully and properly be resorted to by
creditors in their attempts to secure the payment of their
claims.  A diligent creditor learning of the financial embar-
rassment of his debtor, may lawfully take proper steps to
secure his claim.  He may take money, property or a con-
fession of judgment.  A preference secured either at the
instance of the creditor or by the free, voluntary act of the
debtor creating the preference, either in an assignment or by a
confession of a judgment, is not fraudulent.  Something further
must be shown in order to bring the transaction within the con-
demnation of the statute.  If the debt is fictitious in whole or
in part; if there is a scheme, plan or purpose to secure the
property for the benefit of the debtor to the exclusion of the
creditors ; if there is a purpose to cover up, secrete, remove
or dispose of the property of the debtor so as to prevent its
coming to the hands of the creditors ; or if there is an attempt
to so hinder and delay them as to force them to accept a com-
promise for less than that which is actually due and owing to
them, then and in all such cases the transaction is fraudulent
and void ; and if a judgment creditor participates in such

scheme and has knowledge of such purpose, or in any manner aids and abets the accomplishment of such purpose, he becomes a party to the fraud and is liable to have any lien that he may have procured upon his judgment postponed to that of other creditors, even though the amount of his judgment is actually due and owing to him from the debtor. (*Manning* v. *Beck*, 129 N. Y. 1; *Maass* v. *Falk*, 146 N. Y. 34, 41.)

Whilst we are unable to concur in the reasons given below, we are still inclined to the opinion that this judgment should be sustained as to these judgment creditors. It is true they were innocent of any fraud or of any knowledge of the purpose or intent of the judgment debtors, and that the confessions of judgment were made to them without their knowledge, and that such confessions were for the amounts actually due and owing to them. We may, therefore, to this extent treat the judgments as free from fraud. The defendants Tode and Wulling having confessed the judgments, had no further power or control over them. The executions issued thereon were the processes of the court in which the judgments were entered, and could only be issued by an officer thereof duly authorized by law. The judgment debtors Tode and Wulling thereupon in furtherance of their scheme directed their attorneys, who had prepared the confessions of judgments and caused them to be entered, and who were entire strangers to the judgment creditors, to issue executions upon such judgments and cause them to be delivered to the sheriffs of New York and Orange counties to be levied upon their property. The processes of the court were thus procured to be issued by attorneys, who had no authority from the owners of the judgments. The executions would, therefore, be void, as well as the levies made thereunder, unless such acts of the attorneys were ratified by the judgment creditors. (*Remington Paper Co.* v. *O'Dougherty*, 81 N. Y. 474, 494.) There was no ratification until after the plaintiffs in this action had procured their lien upon the property by the levy of their attachment.

Evidence was submitted upon the trial under the exception

of the defendants, which was competent only as against the judgment debtors. In our consideration of the case we have not given it any force and effect except as against the judgment debtors, and it is apparent from the findings of the referee that he did not otherwise consider it.

The other exceptions appearing in the case were properly disposed of by the General Term.

The judgment should be affirmed, with costs.

All concur (BARTLETT, J., agrees with the conclusion that the confessed judgments to Levi and Materne are void, but is of opinion that the other confessed judgments, as part of a fraudulent scheme and entered up without knowledge of the plaintiffs therein, are also void).

Judgment affirmed.