MANTON B. METCALF et al., Appellants and Respondents, v. MORRIS MOSES and JAMES T. FRANKLIN, as Receivers of the Property of LESSER BROS., Respondents and Appellants, Impleaded with TOBIAS LESSER et al., Appellants.

1. APPEAL — FINDING OF FACT — UNANIMOUS AFFIRMANCE BY APPELLATE DIVISION. The unanimous affirmance by the Appellate Division of that part of the judgment below, which sets aside certain confessions of judgment and transfers as fraudulent, is conclusive upon the Court of Appeals that a finding of the trial court that the creditors so preferred participated in the debtor's fraud is sustained by the evidence.

2. FRAUD AGAINST CREDITORS — PARTICIPATION IN BY PREFERRED CREDITORS. The fraudulent purpose of the debtor is properly imputed to creditors who took no affirmative or independent action to collect their claims, but simply accepted the advantage which the debtor voluntarily gave them for his own purposes and as part of his fraudulent scheme, allowing him to represent them in procuring the judgments by confession, by which they obtained a preference.

3. RECEIVERSHIP IN SUIT TO DISSOLVE FIRM AS PART OF A SCHEME TO DEFRAUD CREDITORS. The appointment of receivers, in a suit for the dissolution of a partnership and the distribution of its assets, not procured

in good faith but as part of a fraudulent scheme to defraud creditors, and upon false and fraudulent statements made to the court and the suppression of material facts, will be declared void at the instance of judgment creditors, although the receivers may not personally have participated in the fraud.

4. APPEAL — REVERSAL IN APPELLATE DIVISION. To sustain, in the Court of Appeals, the reversal by the Appellate Division of the judgment below, the respondent must show that some error of law is involved in such judgment, where the order does not state that the reversal is upon the facts.

5. FRAUD AGAINST CREDITORS — EXTENT OF RELIEF. A court upon finding that two or more of the transfers attacked by judgment creditors are fraudulent, is not bound as a matter of law to set aside only such of them as will enable the plaintiffs to satisfy their claims and to leave the others, equally tainted with the fraud, undisturbed.

6. APPEAL — EVIDENCE TO SUSTAIN FINDING OF PARTICIPATION IN DEBTOR'S FRAUD. The Court of Appeals cannot, upon an appeal from a reversal by the Appellate Division on questions of law, hold that a finding of the trial court that a preferred creditor participated in the debtor's fraud is without any evidence to sustain it, where it appears that with knowledge that the debtor was about to fail, and that he had many creditors, and without taking any independent action or even asking for a conveyance he accepted what was offered to him by the debtor, the trial court having heard the parties and having the benefit of their presence and appearance.

*Metcalf* v. *Moses*, 35 App. Div. 596, modified.

(Argued January 12, 1900; decided February 6, 1900.)

CROSS-APPEALS, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 31, 1899, modifying, and as modified affirming, a judgment entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alex. Blumensteil* for Lesser Brothers et al., appellants and respondents. The intent of the debtors, however fraudulent, is not sufficient to invalidate a transfer made to secure a *bona fide* creditor, unless such wrongful intent and purpose is participated in by the creditor, and further it must appear

that by means of the transfer or judgment the fraud charged
against the debtor is intended to be effectuated. (*Galle* v.
*Tode,* 148 N. Y. 270; *C. Nat. Bank* v. *Seligman,* 138 N. Y.
435; *Abegg* v. *Bishop,* 142 N. Y. 286; *London* v. *Martin,*
79 Hun, 229; *Loos* v. *Wilkinson,* 110 N. Y. 191; *Manning*
v. *Beck,* 129 N. Y. 1; *Delaney* v. *Valentine,* 154 N. Y. 692;
*Stearns* v. *Gage,* 79 N. Y. 102; *Anderson* v. *Blood,* 152 N.
Y. 285; *Wilson* v. *Marion,* 147 N. Y. 589; *Bush* v. *Roberts,*
111 N. Y. 278.) Lesser Brothers had a perfect right to pre-
fer the defendants for their honest and *bona fide* debts. (*C.
Nat. Bank* v. *Seligman,* 138 N. Y. 435; *Galle* v. *Tode,* 148
N. Y. 270; *Maass* v. *Falk,* 146 N. Y. 34; *Abegg* v. *Bishop,*
142 N. Y. 286; *Williams* v. *Whedon,* 109 N. Y. 333; *Knapp*
v. *McGowan,* 96 N. Y. 76; *Heine* v. *Bowe,* 114 N. Y. 350;
*Talcott* v. *Harder,* 119 N. Y. 536; *Stanley* v. *N. U. Bank,*
115 N. Y. 122; *Tompkins* v. *Hunter,* 149 N. Y. 117.)
Lesser Brothers were not bound, as matter of law, to make a
general assignment, nor could the preferences be avoided as
excessive in an action brought in hostility to the alleged
trust. (*C. Nat. Bank* v. *Seligman,* 138 N. Y. 435; *Abegg*
v. *Bishop,* 142 N. Y. 286.) Assuming that all these convey-
ances together constitute in law a general assignment, although
not so in form, the preferences cannot be affected in any
manner thereby unless it be shown that the creditors so pre-
ferred knew of such intended general assignment. (*Man-
ning* v. *Beck,* 129 N. Y. 1.) The statute restricting prefer-
ences is applicable only to a case where a statutory general
assignment is actually made. (*Tompkins* v. *Hunter,* 149 N.
Y. 117; *Dodge* v. *McKechnie,* 156 N. Y. 514; *Manning* v.
*Beck,* 129 N. Y. 1; *C. Nat. Bank* v. *Seligman,* 138 N. Y.
435; *Delaney* v. *Valentine,* 154 N. Y. 698; *Brown* v.
*Guthrie,* 110 N. Y. 435; *Maass* v. *Falk,* 146 N. Y. 34.)
Even if the preferences were invalid as in violation of the
laws of the state of New York relating to general assign-
ments, nevertheless the court had no right to set them aside
in this action. (*C. Nat. Bank* v. *Seligman,* 138 N. Y. 436;
*Maass* v. *Falk,* 146 N. Y. 40.)

*John Frankenheimer* for Emelie A. Marcus, appellant. The confession of judgment to Emelie Marcus, being admittedly for a *bona fide* indebtedness, cannot be invalidated by any fraudulent intent of the debtors alone in confessing the judgment or making other contemporaneous transfers. (*Galle* v. *Tode,* 148 N. Y. 270; *Manning* v. *Beck,* 129 N. Y. 1; *Maass* v. *Falk,* 146 N. Y. 34.) By consenting to have Tobias Lesser make a confession of judgment in her favor, Emelie Marcus did not constitute him her agent for any purpose. He remained a principal throughout the proceeding. (*Galle* v. *Tode,* 148 N. Y. 270; *Knower* v. *C. Nat. Bank,* 124 N. Y. 552; *Dudley* v. *Danforth,* 61 N. Y. 626; *Jones* v. *Lovee,* 37 Neb. 816; *Benedict* v. *Arnoux,* 154 N. Y. 715.) The receivers were not entitled, either upon the evidence or upon the pleadings, to any judgment against the judgment creditor Mrs. Marcus. (*Paige* v. *Willet,* 38 N. Y. 28; *Cook* v. *Barr,* 44 N. Y. 156; *Fleischmann* v. *Stern,* 90 N. Y. 110; *West* v. *A. E. Bank,* 44 Barb. 175; *Marston* v. *Swett,* 66 N. Y. 206; *Clark* v. *Post,* 113 N. Y. 17; *Neudecker* v. *Kohlberg,* 81 N. Y. 296; *Reid* v. *McConnell,* 133 N. Y. 433; *Romeyn* v. *Sickles,* 108 N. Y. 650; *Southwick* v. *F. Nat. Bank,* 84 N. Y. 420.) The receivers are not entitled to an affirmative judgment against the judgment creditor Marcus, because the court has held that the receivership was as much a part of the scheme to defraud as the confessions of judgment. The doctrine of *pari delicto* applies to the relation of the receivers to the judgment creditor Marcus. (*Schloss* v. *Schloss,* 14 App. Div. 333.)

*Emanuel J. Myers* for Morris Moses, receiver, appellant. The appointment of the receivers resting on the final judgment in *Lesser* v. *Lesser,* vested in them the title to the copartnership assets prior in time and superior at law and in equity to the plaintiffs' rights as judgment creditors. (*Dwight* v. *St. John,* 25 N. Y. 203; *Matter of S. S. T. B. Co.,* 136 N. Y. 169; *Iddings* v. *Bruen,* 4 Sandf. Ch. 417; *Adams* v. *Hackett,* 7 Cal. 187; High on Receivers [3d ed.], 528; *Til-*

*linghast* v. *Champlin*, 4 R. I. 173; *Winslow* v. *Wallace*, 116 Ind. 317; *Wallace* v. *Yeager*, 4 Phil. 251; *Pearce* v. *Gamble*, 72 Ala. 341; *Matter of Hamilton*, 26 Oreg. 579.) The attempted preferences were infected with the vice of the original transaction, and, therefore, the *bona fides* of ·the creditors' claim is ineffectual to save the preferences where the preferential transfers further or promote the fraudulent scheme. (*Galle* v. *Tode*, 148 N. Y. 270.)

*James Byrne* for James T. Franklin, receiver, appellant. The appointment of a receiver of an insolvent partnership, being the acceptance by the court of a trust for the equal benefit of all creditors, should not be set aside for the purpose of giving one creditor a preference. (*Holmes* v. *McDowell*, 15 Hun, 589; *Matter of Thompson*, 10 App. Div. 42; *Galle* v. *Tode*, 148 N. Y. 270; *Williamson* v. *Wilson*, 1 Bland, 418.) The judgment of the Appellate Division so far as it awarded judgment absolute against the receivers is erroneous. At most it should have ordered a new trial or directed the receivers, after an accounting in which they should be allowed their commissions, counsel fees and expenses, to pay over any balance in their hands to the plaintiffs. (*Benedict* v. *Arnoux*, 154 N. Y. 715; *Heller* v. *Cohen*, 154 N. Y. 299.) The con- ·fessed judgments and transfers having been found to be fraudulent in fact, are necessarily invalid as against the receivers. (*Fairchild* v. *McMahon*, 139 N. Y. 290; *Krumm* v. *Beach*, 96 N. Y. 398.) Even if the confessed judgments and transfers were not fraudulent in fact they should be held totally invalid as against the receivers. (*C. Nat. Bank* v. *Seligman*, 138 N. Y. 445; *Brown* v. *Guthrie*, 110 N. Y. 442; *Holmes* v. *McDowell*, 15 Hun, 585; *Berger* v. *Varrelmann*, 127 N. Y. 281; *Maass* v. *Falk*, 146 N. Y. 34; *Tompkins* v. *Hunter*, 149 N. Y. 117.) The judgment of the Special Term was a proper one on the pleadings. (*Taylor* v. *Taylor*, 43 N. Y. 578; *Colby* v. *Colby*, 81 Hun, 221; *Prout* v. *Chisolm*, 89 Hun, 108; *Murtha* v. *Curley*, 90 N. Y. 372; *Ostrander* v. *Weber*, 114 N. Y. 102.)

*Samuel Greenbaum* for Charlotte Lilianthal et al., executors, etc., respondents. No fraudulent intent on the part of any of the parties in the disposition of the realty is established. (*A. E. Bank* v. *Fitch*, 48 Barb. 350.) In no event can a fraudulent intent be established as against Lilianthal. (*Parker* v. *Conner*, 93 N. Y. 123; *Anderson* v. *Blood*, 152 N. Y. 285; *Bernheimer* v. *Rindskopf*, 116 N. Y. 428; *Maass* v. *Falk*, 146 N. Y. 34; *Shotwell* v. *Dixon*, 22 App. Div. 263; *Billings* v. *Russell*, 101 N. Y. 236; *Baldwin* v. *Short*, 125 N. Y. 553.) The knowledge of Lessers' attorneys cannot be chargeable to Lilianthal. (*McCutcheon* v. *Dittman*, 23 App. Div. 285.) The transfer cannot be set aside as violative of the law forbidding preferences in assignments. (*Tompkins* v. *Hunter*, 149 N. Y. 117.)

*Nelson S. Spencer* for plaintiffs, respondents and appellants. The decision of the Appellate Division was unanimous. The facts are not subject to review in this court. And, upon this appeal, the court is precluded from reviewing the question whether there is any or sufficient evidence to sustain the decision of the trial court. (*Reed* v. *McCord*, 160 N. Y. 330; *Bomeisler* v. *Foster*, 154 N. Y. 229; *Marden* v. *Dorthy*, 160 N. Y. 39; 2 R. S. 137, § 4; *Billings* v. *Russell*, 101 N. Y. 226; *Baldwin* v. *Short*, 125 N. Y. 553.) Whether or not the preferred creditors had actual knowledge of the Lessers' purpose or of its details, they did participate in their scheme and did aid and abet the accomplishment of their purpose. (*Fairchild* v. *McMahon*, 139 N. Y. 290; *Krumm* v. *Beach*, 96 N. Y. 398; *Sommers* v. *Cottentin*, 26 App. Div. 241; *V. Nat. Bank* v. *Newton*, 25 App. Div. 62; *Ross* v. *Caywood*, 16 App. Div. 591; *Howe* v. *Sommers*, 22 App. Div. 418.) All the acts and proceedings of the Lessers were parts of one general scheme, of which the purpose was plainly to hinder, delay and defraud their creditors, and if one part of such a scheme is shown to be fraudulent, the whole is void. (*Rogers* v. *Palmer*, 102 U. S. 263; *Poucher* v. *Blanchard*, 86 N. Y. 256; *Guilleaume* v. *Rowe*, 94 N. Y. 268;

*Russell* v. *Winne*, 37 N. Y. 596; *Roberts* v. *Vietor*, 130 N. Y. 585.) As the application for the receivership was made with fraudulent intent to hinder and delay creditors, the appointment is void. (*Stevens* v. *C. N. Bank*, 144 N. Y. 50; *Converse* v. *Sickles*, 146 N. Y. 200.) The decision of the Appellate Division in reversing the judgment absolutely against the receivers was correct. (*Benedict* v. *Arnoux*, 154 N. Y. 715; *Heller* v. *Cohen*, 154 N. Y. 299; *Guernsey* v. *Miller*, 80 N. Y. 181; *Ehrichs* v. *De Mill*, 75 N. Y. 370; *New* v. *Vil. of New Rochelle*, 158 N. Y. 41; *Howells* v. *Hettrick*, 160 N. Y. 308.) The judgment of reversal as to the defendants Lilianthal and Adler is erroneous. (*People* v. *A. Ry. Co.*, 160 N. Y. 225; *Parker* v. *Day*, 155 N. Y. 383; *Lannon* v. *Lynch*, 160 N. Y. 483; *Becker* v. *Koch*, 104 N. Y. 394; *Cross* v. *Cross*, 108 N. Y. 628; *Bomeisler* v. *Forster*, 154 N. Y. 229; *Benedict* v. *Arnoux*, 154 N. Y. 715; *Sanger* v. *French*, 157 N. Y. 213; *Griggs* v. *Day*, 158 N. Y. 1.)

O'BRIEN, J. The plaintiffs are judgment creditors of Lesser Brothers, a firm engaged in the clothing business in New York, and which failed on October 2, 1896. The purpose of the action was to set aside certain transfers of real and personal property and certain judgments by confession given by the firm to various parties claiming to be creditors, on the ground that the transfers and judgments were fraudulent. The facts which disclose the various transactions present the usual complications found in all schemes to defraud creditors. They have been fully detailed in the opinion of the learned trial judge and in that of the learned court below on appeal. A very brief reference to these facts will be quite sufficient now, since it was found at the trial and by the learned court below upon review that the purpose of the transfers and confessions of judgments, on the part of the firm, at least, was to hinder, delay and defraud creditors. These findings are not questioned here, and so we are able to enter upon a review of the judgment with one important fact settled. The plaintiffs

and all the numerous defendants, except two, have, by per-
mission, appealed to this court.    The main contention on the
part of the defendants, who are favored creditors, through the
transfers and judgments referred to, is that while the debtors
intended to perpetrate a fraud, yet their creditors were wholly
innocent and did not participate in any such purpose, but
were simply seeking to obtain security for their honest debts,
as they might within the recent case of *Galle* v. *Tode* (148
N. Y. 270) and other cases there referred to.    The parties
before the court are so numerous and their claims so conflict-
ing that it will be more convenient, and tend to a clearer
understanding of the case, if we group the parties together by
classes, as we may, since several of the appeals depend upon
the same questions.

(1) The appeals of Tobias Lesser, Bernhard Moses and Mrs.
Marcus present the same questions.    The trial court found
that the judgments confessed to each of these parties and the
transfers to them were made by the debtor firm for a fraudu-
lent purpose and that they participated in the fraudulent
intent.    The court below on appeal unanimously affirmed this
part of the judgment and the only ground upon which it is
questioned here by the learned counsel for these particular
creditors is that the finding that they participated in this fraud
is without any evidence to sustain it.    There are two conclu-
sive answers to this contention.    In the first place the unani-
mous decision below applies to the finding of fraud on the part
of the creditors as well as the debtors, and, hence, is conclusive
in this court on the question.    But even if this were otherwise
the doctrine of *Galle* v. *Tode* would have no application.    The
court referred in that case to creditors pressing their claims
and procuring judgments in the usual way, either by regular
suit or confession.    But here the creditors took no affirmative
or independent action to collect their claims.    They simply
accepted the advantage which the fraudulent debtor volunta-
rily gave them for his own purposes and as part of the fraudu-
lent scheme.    They put themselves under his protection and
into his hands.    They allowed the fraudulent debtor to repre-

sent them in procuring the judgments and his fraudulent purpose was properly imputed to them.

(2) With respect to the appeal of the receivers appointed in the action brought by one of the fraudulent debtors against the other two, after the fraudulent preferences were made to dissolve the partnership and distribute the assets, the courts below are agreed that the suit or the receivership was not in good faith, but part of the fraudulent scheme to obstruct, hinder, delay or defraud creditors, that the receivers were appointed upon false and fraudulent statements made to the court and the material facts bearing on the application were suppressed. That the court below had the power to modify the judgment as to them in the manner that it did, cannot very well be questioned. The refusal of the court below to recognize receivers, who are the product of such a fraudulent contrivance, as officers of the court and trustees for creditors, was not a legal error. Though they may have been personally innocent of any participation in the fraud, yet their authority was tainted with the vice that pervades the whole transaction. The judgment appointing them having been virtually set aside for fraud, they have no legal right to demand that they be permitted to survive the destruction of the authority creating them.

(3) The learned trial court found that the transfers to Adler and Lilianthal were fraudulent, but as to these two defendants the judgment has been reversed. The order does not state that the reversal was upon the facts, and, hence, we must presume that it was for some error of law committed at the trial. In the form in which the record comes here we think that this part of the judgment of the learned court below cannot be sustained. The findings of fact to the effect that both of these defendants participated in the fraud have not been disturbed and they sustain the legal conclusions. In order to sustain the reversal in such cases in this court the respondent must show that some error of law is involved in the judgment of the trial court. (*Parker* v. *Day*, 155 N. Y. 383; *People* v. *Adirondack Railway Co.*, 160 N. Y. 225; *Lannon* v.

*Lynch,* 160 N. Y. 483.)    Adler was the superintendent of the manufacturing department connected with the clothing business in which the firm of Lesser Bros. was engaged.    He was sent for by Tobias Lesser and told to go to his attorney, as the former had arranged to make the transfer of the accounts for his benefit to secure the sum of $20,000.    Adler followed this direction, and, it being conceded that the purpose which Tobias Lesser had in view was to defraud creditors, the trial court could have found, as it did, that the former was chargeable with knowledge of this intent.    The circumstances connected with this transfer do not differ from those leading to the judgments by confessions already referred to.    Indeed, it is not suggested in the opinion below that there was any error of law in the findings with respect to this claim, but, on the contrary, the findings were assumed to be correct.    The reversal as to this party proceeded entirely upon the ground, as we understand the opinion, that it was not necessary to interfere with the transfer of the accounts in order to satisfy the plaintiffs' judgment.    But the omission of the trial judge to give effect to such considerations did not present any question of law.    When a failing debtor attempts to make separate transfers of his property in favor of two or more parties, with the intent to defraud creditors, and such transfers are subsequently attacked by a judgment creditor and the court finds that all are fraudulent, it is not bound, as matter of law, to preserve to some of the parties in whose favor the transfers were made and who participated in the fraud, the fruits of the transaction upon some nice calculation which may show that the claims of the honest creditor who makes the attack can be satisfied by setting aside the transaction as to others.    The court is not bound to consider the question as to how far the effect of the judgment shall be limited by the amount of the plaintiffs' claims, but has the power to set them all aside.    All the transfers being equally affected with the vice of fraud, the court is not bound to hear argument to show that some of them should stand and others fall, but may properly decline to discriminate between

parties, all of whom are participants in the fraud. So we think that Adler cannot be heard in this court, under these circumstances, to allege that there was legal error in the judgment with respect to the disposition made of his claim.

The same considerations, we think, apply with equal force to the defendant Lilianthal. The trial court found that he also participated in the fraud, and no error of law can arise upon the finding, unless it can be shown that there was no evidence whatever to sustain it. The fraudulent intent of the grantor in the conveyances to this defendant being admitted, the circumstances were such that knowledge of this purpose on the part of the grantee could have' been inferred as a reasonable conclusion. Lilianthal, like all the other parties referred to, simply followed the directions which the failing debtor gave to him. He did not take any independent action. He did not even ask for the conveyance, but merely accepted what was offered to him by the debtor. He knew that the latter was about to fail and that he had many creditors. It is difficult to believe that a business man who has been tendered and receives a conveyance of the property of the failing debtor under such circumstances can be entirely innocent of the intent and purpose behind the transaction. All we mean to say, however, is that when the trial court after hearing all the parties and having the benefit of their presence and appearance, and after weighing all the circumstances, refuses to adopt such a theory and in fact reaches a contrary conclusion, this court cannot say that such a finding is without any evidence to sustain it. The various steps, by means of which the whole transaction was consummated, were of such an unusual character that the learned trial judge was warranted in finding that none of the parties benefited by it could have been entirely ignorant of its real scope and purpose. Therefore, since we are bound to assume that the learned court below upon the appeal considered only questions of law arising upon the facts found, we think that the record does not disclose any legal error that warranted a reversal of any part of the judgment of the Special Term.

The judgment should be affirmed, except as to the defendants Adler and Lilianthal, and as to them it should be reversed and that of the Special Term affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT and HAIGHT, JJ., concur; MARTIN and VANN, JJ., concur as to the affirmance and dissent as to the reversal.

Judgment accordingly.