FIRST NATIONAL BANK OF AMSTERDAM, Appellant, *v.* JOHN C. MILLER et al., Respondents.

JUDGMENT CREDITOR'S ACTION — FRAUDULENT CONVEYANCES. A judgment, in a judgment creditor's action, setting aside a conveyance of real estate and a transfer of personal property based upon a finding that the transfers were made by one of the defendants with intent to hinder, delay and defraud his creditors, is justified by evidence that they were made, while he was insolvent, to his daughter, who resided with him and was a member of his family; that the value of the property transferred exceeded $45,000, while the consideration, consisting, with the exception

of a small amount, of past indebtedness due from him to her, did not exceed $38,000, of which over $1,000 was not his valid obligation; that by the transfers he stripped himself of all his property, which fact was known to his daughter, and that they were made about a month before the maturity of a note for a large amount made by him, and that there was no change in the possession of the personal property transferred.

*First Nat. Bank* v. *Miller*, 24 App. Div. 551, reversed.

(Argued March 30, 1900; decided May 15, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 24, 1898, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Newton Fiero* for appellant. The finding by the trial court that the conveyance was made and accepted with intent to hinder, delay and defraud the creditors of John C. Miller is justified by the evidence. (*Coleman* v. *Burr*, 93 N. Y. 17; Bump on Fraud. Conv. [4th ed.] § 27; 2 R. S. 137, § 4.) The findings are conclusive that the transfer was fraudulent, and in such cases a conveyance cannot stand, even though a portion of the consideration may be valid. (*Baldwin* v. *Short*, 125 N. Y. 559; *Murtha* v. *Curley*, 90 N. Y. 372; *Conde* v. *Hall*, 92 Hun, 335; *Boyd* v. *Dunlap*, 1 Johns. Ch. 478; *Dewey* v. *Moyer*, 72 N. Y. 70; *Billings* v. *Russell*, 101 N. Y. 226.) The Appellate Division erred in the construction it gave to the will of Marion Gilchrist as to the $5,892.17, that Miller held the entire sum in trust, and that upon his death whatever remained unexpended would go to the daughters, or the survivor of them. (*Rose* v. *Hatch*, 125 N. Y. 427; *Greene* v. *Greene*, 125 N. Y. 506.)

*H. V. Borst* for respondents. The provisions of the will of Marion Gilchrist constituted a valid trust and the $5,982.17 and bank stocks received by Mr. Miller thereunder were held

by him in trust for his daughters. (*Losey* v. *Stanley*, 147 N. Y. 568; *Woodward* v. *James*, 115 N. Y. 346.) The evidence is to the effect that defendant Esther Miller did not know that her father was indebted to any person, except such as she assumed to pay. (2 R. S. 137, § 5.) The conveyance was made by J. C. Miller pursuant to a request by defendant Esther Miller, and not to defraud plaintiff, but to protect his daughter. A purchaser for a valuable consideration is not chargeable with constructive notice of fraud. (*Bush* v. *Roberts*, 111 N. Y. 282; *Farley* v. *Carpenter*, 27 Hun, 359; *Stearns* v. *Gage*, 79 N. Y. 102; *Parker* v. *Conner*, 93 N. Y. 118; *Sumner* v. *Skinner*, 80 Hun, 201.) A debtor, notwithstanding his insolvency, is allowed to make a preference, *bona fide,* and a sale for that purpose is not invalid. (*Ruhl* v. *Phillips,* 48 N. Y. 126; *Nugent* v. *Jacobs,* 103 N. Y. 125.) The transfers were made in good faith and for a valuable and adequate consideration. (*Clift* v. *Moses,* 75 Hun, 517.)

*Per Curiam.* This is a judgment creditor's action, brought to set aside a conveyance from the defendant John C. Miller to his daughter, Esther Miller, of certain real estate, and also a bill of sale of certain personal property made between the same parties. The learned Appellate Division might have reversed the judgment on questions of fact, but no provision of that character is contained in its order; therefore, under section 1338 of the Code of Civil Procedure, it must be presumed that the judgment was reversed solely on error of law. The case shows no exceptions taken to the ruling of the court on the admission or exclusion of evidence. The trial court found, as matters of fact, that the real estate conveyed exceeded $45,000 in value; that the personal property transferred was of the value of $700, and that the conveyance and bill of sale were made by the defendant John C. Miller and received by the defendant Esther Miller, with intent to hinder, delay and defraud the creditors of the former, who was insolvent at the time. These findings support the conclusions of law and justify the judgment rendered. The only question

before us, therefore, on this appeal is the single question of law whether there was any material finding of fact without evidence to support it. If there was such evidence we cannot disturb those findings. (*Parker* v. *Day*, 155 N. Y. 383 ; *Metcalf* v. *Moses*, 161 N. Y. 587.) The existence of fraudulent intent is generally a question of fact, and we cannot say that the record is barren of any evidence which would justify a court in inferring such intent. The trial court found the value of the real estate to exceed $45,000, and there was testimony to that effect. The consideration, consisting (with the exception of a small amount) of past indebtedness due from the father to the daughter, is not claimed by the defendants to have exceeded $38,000. Of this amount over $1,000 certainly was not a valid obligation of the father. The father, by the conveyance and transfer, stripped himself of all his property. This fact was known to the daughter. The parties resided together and constituted members of the same family. The transfers were made about a month before the maturity of a note for some $9,000 made by the father, upon which the judgment which was the basis of this action was subsequently recovered. There appears to have been no change in the possession of the personal property transferred. " Courts scrutinize with the utmost care business transactions between husband and wife alleged to be fraudulent as against creditors, because fraud is so easily practiced and concealed under cover of the marriage relation. Fraud is one of the broadest issues known to the law, for it can seldom be proved by direct evidence, but is dependent upon circumstances which, separately considered, may be quite immaterial, but when combined are not only material but have great persuasive force." (*White* v. *Benjamin*, 150 N. Y. 258, 265.) The same rule applies, though, possibly, in a less degree, to a transfer from father to daughter when they are both members of the same family.

Part of the consideration which the defendants claim was given for the conveyance is the sum of about $6,000 received by the defendant John C. Miller under the will of his sister, which directed that the same should be held in trust by Miller,

the income, and so much of the principal as was necessary, to be applied to his support and to that of his two daughters, and upon his death the same, or what remained thereof, to go to the daughters absolutely. It was testified that this sum had been invested in the real estate transferred. The learned Appellate Division held that the will created a valid trust, and that the legacy could not be seized by the father's creditors. It said that for this reason the judgment should be reversed. We need not gainsay the ruling of the Appellate Division as to this legacy. The difficulty in the case is, there is nothing in the record to show what disposition the trial court made of this question. No objection or exception presents any ruling for review. The amount of the legacy enters into the reckoning of the total consideration of the conveyance at $38,000. There is nothing in the point raised by the respondents, that the previous mortgage by the debtor to his two daughters is swept away by the judgment, the effect of which is to render only the conveyance between the parties void as against the plaintiff's judgment. We are, therefore, constrained to reverse the order granting a new trial, and affirm the judgment of the Trial Term, but this should be without prejudice to any action the daughters may bring to impress a lien upon the real estate conveyed, to the extent of the legacy bequeathed to them by their aunt.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, CULLEN and WERNER, JJ., concur; LANDON, J., not sitting.

Order reversed, etc.