## LILIANTHAL et al. v. LESSER et al.

(Supreme Court, Appellate Division, First Department. March 10, 1905.)

EXECUTORS—MORTGAGES—PAYMENT—SUBROGATION.

 Real estate subject to a mortgage having been conveyed to deceased in his lifetime, two actions were brought to set aside the conveyance as fraudulent as against the grantor's creditors. The Appellate Division in one of the actions reversed a judgment setting aside the conveyance, holding that the evidence was insufficient to show that deceased had knowledge of the fraud, but granted leave to appeal to the Court of Appeals. Pending the appeal to the Appellate Division, deceased died, and his estate was administered by complainants, his executors, who were served with notice of the appeal to the Court of Appeals, but who only had constructive notice of the other action through the filing of the lis pendens. The mortgage, which was a prior lien to the claims of creditors in the actions to set aside the conveyance, having matured prior to

the hearing on the appeal to the Court of Appeals, complainants paid it from the assets of the estate, after which the decision of the Appellate Division was reversed. *Held*, that complainants in paying the mortgage were not volunteers, and were therefore entitled to subrogation to the rights of the mortgagees as against the judgment creditors.

Appeal from Special Term.

Suit by Charlotte Lilianthal and another, as executors of the estate of Joseph Lilianthal, deceased, against Israel Lesser and others. From a decree in favor of plaintiffs, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Otto T. Hess, for appellant Barker.

Nelson S. Spencer, for appellant Ninth National Bank.

Everett V. Abbot, for respondents.

O'BRIEN, J.   The learned court at Special Term adjudged that the plaintiffs were entitled to be subrogated to the rights of the Mutual Life Insurance Company in and to a bond and mortgage for $8,000, and this judgment is based upon the finding that:

"In paying the said bond and discharging the said premises from the lien of the said mortgage, the plaintiff executors were not volunteers; but they acted in pursuance of their duty, as executors and trustees, to protect the estate in their charge. None of the defendants were injured by the said payment, but, on the contrary, were benefited thereby, inasmuch as the said payment rendered it impossible for the said Mutual Life Insurance Company to foreclose the said mortgage, and to cut off and destroy their several liens."

If the evidence sustains this finding, then clearly, under the principle of equitable subrogation, the judgment is right.

There is practically no dispute as to the facts. The plaintiffs are executors of Joseph Lilianthal, whose will was admitted to probate in October, 1898. Prior to his death, and on October 2, 1896, the defendant Israel Lesser conveyed to him certain premises situated in the city of New York, subject to a mortgage for $8,000 to the Mutual Life Insurance Company as ·mortgagee. After Lilianthal's death, and on April 3, 1899, plaintiffs, as his executors, paid the mortgage, which was then due, together with all accrued interest. Shortly after the conveyance of the premises to Lilianthal, and on December 17, 1896, an action was brought against him and others by Metcalf Bros. & Co., a judgment creditor of Lesser, to set aside the conveyance as fraudulent and void. As the result of the trial in that action, a judgment was entered in April, 1898, declaring the conveyance to 'Lilianthal to be fraudulent as against creditors, but upon appeal to this court that judgment was reversed (Metcalf v. Moses, 35 App. Div. 596, 55 N. Y. Supp. 179). While the appeal was pending in this court, Lilianthal died, and the action was revived and continued against his executors, who are these plaintiffs. The plaintiff in the Metcalf action obtained leave to appeal to the Court of Appeals from the decision of this court, and, pursuant thereto, served a notice of appeal on March 24, 1899, and about 10 days before the plaintiffs paid the mortgage. After the judgment resulting from the trial had been entered in the Metcalf action, and on May 27, 1898, the Ninth National Bank, another of

Lesser's judgment creditors, commenced a similar action against Lilianthal and others to have the conveyance set aside, and on March 31, 1899, a notice of pendency of that action was filed in the office of the clerk of New York county. It does not appear that Lilianthal was served or appeared in that action, but on April 15, 1899, these plaintiffs, as his executors, voluntarily appeared therein and answered. No other actions were pending against these plaintiffs at the time they paid the mortgage, and it appears that the Metcalf judgment has now been satisfied out of the assets of the Lesser estate, and Metcalf Bros. & Co. have no further claim in this action.

This court, in its opinion (35 App. Div. 596, 55 N. Y. Supp. 179) reversing the Metcalf judgment, stated that there was no evidence that Lilianthal had any notice of the fraudulent intent of the grantors, and, as a purchaser for a valuable consideration, he was entitled to be protected, in the absence of proof that he participated in the fraud. This adjudication upon the facts, that Lilianthal was without fault, had not been disturbed when the plaintiffs paid the mortgage, and it is not necessary, in our opinion, to consider the subsequent decision of the Court of Appeals reversing that adjudication, except to say that the last-named court did not pass upon the facts. Metcalf v. Moses, 161 N. Y. 587, 56 N. E. 67. The situation, therefore, at the time when these plaintiffs paid the mortgage, can be briefly described as follows: The property which was subject to the mortgage had been conveyed to Lilianthal. Two actions had been brought to set aside that conveyance as fraudulent and void as against creditors. As to one of these actions (the bank action), these plaintiffs had only constructive notice through the filing of the lis pendens; as to the other (the Metcalf action), the Appellate Division had held that Lilianthal was not cognizant of any fraud in connection with the transfer, and the judgment setting aside the transfer had been reversed as to him. Leave had been granted by the Court of Appeals to take a further appeal to that tribunal, and notice of appeal, pursuant to such leave, had been served upon these plaintiffs. At that time the mortgage became due, and could have been enforced by the mortgagee against the land, and, to preserve the interest of the testator's estate in that land, these executors paid the mortgage. The mortgage was a lien on the land prior to the liens under the judgments, and it had to be paid before the payment of the judgment creditors' claims. In making the payment, therefore, the executors in no way injured or prejudiced the judgment creditors, nor is there anything to show that they acted in bad faith. The fraud which may have tainted the original conveyance of the land, so far as Lilianthal is concerned, did not extend to or affect the subsequent acts of these plaintiffs in paying the mortgage to preserve the property for the benefit of the estate. The conveyance of the property and the payment of the mortgage were two separate transactions. At the time the payment was made, the highest tribunal which had passed upon the rights of the parties had held that the conveyance was valid as to Lilianthal, and, when the mortgage became due, these executors were obliged to meet the situation as then defined by the controlling judicial decision. The appeal which had been permitted in the Metcalf

action to the Court of Appeals did not affect the then legal status of the property. As executors and trustees, these plaintiffs had such an interest therein that they were justified in protecting it. It is true that a mere volunteer who makes a payment will not be subrogated in the place of a person whose rights he seeks to acquire, simply because he has paid a debt or discharged an obligation for which that person was responsible (Koehler v. Hughes, 148 N. Y. 507, 42 N. E. 1051); but when one stands in the position of a surety for a trustee or executor, and is compelled to pay, in order to protect his own rights or the rights of those whom he represents, a court of equity, if he has acted in good faith, will substitute him in the place of the creditor.

It is not necessary for us to determine whether, if Lilianthal had lived, he could have been subrogated.

It would be a harsh rule to apply to these plaintiffs who in good faith had made the payment, as executors, to protect the interest of the estate in the land, if the courts should hold that they were not entitled to be subrogated. They might have more certainly protected themselves had they secured an assignment of the mortgage, instead of paying it, but that is no reason for refusing to subrogate them. In making the payment, they discharged a duty and an obligation that rested upon them, and in discharging it they did nothing which in the slightest way impaired the rights or affected the interests of the judgment creditors, who, at most, were entitled to the land subject to the mortgage, which was its condition when it was conveyed to Lilianthal.

Thinking, as we do, that the evidence fully supports the finding upon which the judgment is based, it follows that the judgment should be affirmed, with costs. All concur.