Reuben H. Coatsworth, Respondent, *v.* The Lehigh Valley Railway Company and The Lehigh Valley Railroad Company of Pennsylvania, Appellants.

1. Demurrer to Complaint — Cause of Action. A demurrer upon the ground that the complaint does not state a cause of action can be sustained only when it appears that, after admitting all the facts alleged or that can by reasonable and fair intendment be implied from them, the complaint fails to state a cause of action.

2. Sufficient Averments. Averments which sufficiently point out the pleader's claims are sufficient if under them he would be entitled to give the necessary evidence to establish his cause of action.

3. Street — Rights of Owner of Fee. The owner in fee of the soil in a street, subject only to the easement of the public, possesses an interest which entitles him to remove any unauthorized erection upon his premises.

4. Equity— Restraint of Continuous Trespasses. Where trespasses upon land are continuous, the owner has a right to invoke the power of a court of equity to restrain them, and thus prevent a multiplicity of suits.

5. Sufficiency of Complaint by Owner of Land in Street to Restrain Maintenance of Railroad Bridge. A complaint alleged that the plaintiff was the owner in fee of premises within the bounds of a street, subject to the easement or right of way for the purpose of a public street; that the defendant, a railroad corporation, without the consent of the plaintiff, erected and maintains a bridge across the premises, upon abutments and pillars which rested thereon; that such erection and maintenance depreciated the value of the plaintiff's premises and caused him continuous damage; that the defendant was guilty of numerous and continuous trespasses upon the plaintiff's land by running locomotives and cars over it each day; that a multiplicity of actions would be necessary to recover for such trespasses, and that the plaintiff had no adequate remedy at law therefor. An injunction was asked restraining the trespasses upon the plaintiff's premises within the street. *Held*, on demurrer, that the complaint stated a cause of action.

6. Appeal — Certified Question. The Court of Appeals has no jurisdiction, under section 190 of the Code of Civil Procedure, to review a certified question which was not passed upon by the Appellate Division.

7. Demurrer — Interlocutory Judgment — Questions on Appeal. Where, on an appeal allowed by the Appellate Division upon certified questions, from an interlocutory judgment upon a demurrer, it appears that the only question passed upon by the Appellate Division was whether the complaint stated a cause of action, the Court of Appeals will not answer other questions.

*Coatsworth* v. *Lehigh Valley R. Co.*, 24 App. Div. 273, affirmed.

(Argued June 6, 1898; decided October 4, 1898.)

APPEAL, by certification, from an interlocutory judgment
of the Appellate Division of the Supreme Court in the fourth
judicial department, entered December 23, 1897, affirming an
interlocutory judgment entered upon a decision of the Special
Term overruling a demurrer to the complaint.

The material allegations of the complaint, the ground of
demurrer and the questions certified for review are set forth
in the opinion.

*Martin Carey* for appellants.   Where all the allegations of
the complaint are made for the purpose of procuring equi-
table relief, and where equitable relief alone is asked for, the
complaint cannot be sustained for legal redress upon demurrer.
(*Swart* v. *Boughton*, 35 Hun, 281; *Kelly* v. *Downing*, 42 N.
Y. 71; *Vogt M. & C. L. Co.* v. *Oettinger*, 88 Hun, 83, 85;
*Edson* v. *Girvan*, 29 Hun, 422, 425; *Langdon* v. *N. Y., L.
E. & W. R. R. Co.*, 58 Hun, 122, 130; *Bockes* v. *Lansing*,
13 Hun, 38, 41; *Bullwinker* v. *Ryker*, 12 Abb. 311; *Simon-
son* v. *Blake*, 12 Abb. 331; *Fisher* v. *Charter Oak Company*,
67 How. 191; *Alexander* v. *Katte*, 63 How. 262, 264;
*Willis* v. *Fairchild*, 19 J. & S. 405.)   The demurrer does not
admit unwarranted legal conclusions set forth in the com-
plaint, but only such facts as are well pleaded. (*Talcott* v.
*City of Buffalo*, 125 N. Y. 280, 284; *Masterson* v. *Town-
shend*, 123 N. Y. 458; *Bonnell* v. *Griswold*, 68 N. Y. 294;
*Bogardus* v. *N. Y. L. Ins. Co.*, 101 N. Y. 328, 337; *Rad-
cliff's Exrs.* v. *Mayor, etc.*, 4 N. Y. 195; *Davis* v. *Mayor,
etc.*, 14 N. Y. 506; *Bellinger* v. *N. Y. C. R. R.*, 23 N. Y.
42; *Kellinger* v. *Forty-second St., etc., R. R. Co.*, 50 N. Y.
206; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 107;
*Kane* v. *N. Y. E. R. R. Co.*, 125 N. Y. 176; *Fobes* v. *R.,
W. & O. R. R. Co.*, 121 N. Y. 505; *Moyer* v. *N. Y. C. &
H. R. R. R. Co.*, 88 N. Y. 352.)   The mere naked fee of
the public street, wholly disconnected from the ownership of
the abutting property on both sides, is of but nominal value.
(*Holloway* v. *Southmayd*, 139 N. Y. 390; Sedgwick & Wait
on Trial of Title to Land [2d ed.], § 270; *Reining* v. *N. Y.,*

*L. & W. R. Co.*, 128 N. Y. 157, 169.)  Where substantial damages cannot be awarded to the plaintiff as the owner of the abutting property outside of the limits of the street, an equitable action will not lie, merely to try the title to the fee of the street, or because of a mere technical trespass, resulting only in nominal damages. (*Pegram* v. *N. Y. E. R. R. Co.*, 147 N. Y. 146; *Foote* v. *M. E. R. Co.*, 147 N. Y. 375; *O'Reilly* v. *N. Y. E. R. R. Co.*, 148 N. Y. 347.)

*John Cunneen* for respondent.  The bridge being erected on the plaintiff's lands without the consent of the owner became part and parcel thereof. (*Matter of N. Y., W. S. & B. R. Co.*, 37 Hun, 318; *Ritchmyer* v. *Morss*, 3 Keyes, 352.)  The complaint in this action states a cause of action and the first question certified should be answered in the affirmative. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 99; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423; *Buchholz* v. *N. Y., L. E. & W. R. R. Co.*, 148 N. Y. 643; *Bowen* v. *D., L. & W. R. R. Co.*, 153 N. Y. 476.)  An injunction should be granted to restrain the continuous trespass upon, and the threatened interference of the defendants with the plaintiff in the enjoyment of his property; which trespasses and interferences cause substantial damages. (*Matter of N. Y., W. S. & B. R. Co.* v. *Bell*, 28 Hun, 427; *Matter of N. Y., L. & W. R. Co.* v. *Arnot*, 27 Hun, 152; *Matter of N. Y., W. S. & B. R. Co.* v. *Le Fevre*, 27 Hun, 537; *Black River & M. R. R. Co.* v. *Barnard*, 9 Hun, 104; *Matter of Boston, H. T. & W. R. Co.*, 31 Hun, 461; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423.)  The plaintiff is entitled to restrain the operation of the defendants' railroad across Alabama street for the reason that he is the owner of the fee of Alabama street. (*Chase* v. *Warsaw W. W. Co.*, 79 Hun, 151; affd., 150 N. Y. 575; *Smith* v. *City of Rochester*, 38 Hun, 617; *Haight* v. *Littlefield*, 147 N. Y. 338; *White's Bank of B.* v. *Nichols*, 64 N. Y. 69; *Holloway* v. *Southmayd*, 139 N. Y. 390; *Jackson* v. *Hathaway*, 15 Johns. 453; *Wheeler* v. *Clark*,

58 N. Y. 267; *Dunham* v. *Williams*, 36 Barb. 136; *Gidney* v. *Earl*, 12 Wend. 98; *Hooker* v. *Utica & M. T. R. Co.*, 12 Wend. 371; *Heard* v. *City of Brooklyn*, 60 N. Y. 242; *Fobes* v. *R., W. & O. R. R. Co.*, 121 N. Y. 505; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 106, 107; *Trustees, etc.,* v. *Auburn & R. R. R. Co.*, 3 Hill, 567.)

MARTIN, J.  This is an appeal allowed by the Appellate Division of the Supreme Court from an interlocutory judgment overruling a demurrer to the complaint.  The sole ground of demurrer was that the complaint did not state facts sufficient to constitute a cause of action.

The Lehigh Valley Railway Company is a domestic corporation.  The Lehigh Valley Railroad Company is a foreign corporation,  The latter has been for several years, and still is, engaged in operating a line of railroad for the transportation of freight and passengers from Sayre, in the state of Pennsylvania, to the city of Buffalo, in this state.  At the time, and prior to the construction of the bridge and superstructures mentioned in the complaint, the plaintiff or his grantors were, and he now is, the owner in fee simple and possessed of the premises in the city of Buffalo, which are also described therein.  A portion of the premises is within the bounds of Alabama street, and is subject to an easement or right of way over it for the purpose of a public street.  The Lehigh Valley Railway Company, without the consent of the plaintiff or the owners of the land, erected a bridge upon and across the premises lying within the bounds of such street, which is placed upon abutments of solid masonry, one on the easterly and the other on the westerly side, and upon iron pillars resting upon the street between the abutments.  The bridge is solid and permanent in character, and is a part of the real estate of the plaintiff.  That company, in connection with the bridge, constructed and maintains a line of railroad immediately in front and on the northerly side of that portion of the plaintiff's premises which lie westerly of Alabama street and easterly of Louisiana street, and

continues and maintains its railroad easterly and westerly from Alabama street for several thousand feet. A portion of its road is in front of plaintiff's premises, and is upon an embankment from four to fifteen feet above the level of the plaintiff's land, and the bridge across Alabama street is about twelve feet above the level of the plaintiff's premises and the grade of the street. The Lake Shore and Michigan Southern Railway Company, a domestic corporation, owns and operates a line of railroad from the city of Buffalo to the city of Chicago, and maintains a switch or siding extending from its main line through Scott street in the former city westerly from Hamburg street to Alabama street, which reaches a point within about twelve feet of the northerly line of the portion of the plaintiff's premises lying within the bounds of Alabama street, and about eighty feet northerly of the northeasterly corner of the plaintiff's lands which lie westerly of Alabama street. The location of the plaintiff's lands is such that they are particularly valuable for business and manufacturing purposes, and their value would be greatly enhanced by having a railroad connection with the Lake Shore and Michigan Southern railroad tracks. Such a connection could be readily made, except for the roadbed, bridge and superstructure maintained by the Lehigh Valley Railway Company, which prevent any such connection being effected. The plaintiff is desirous of removing the bridge so maintained upon his lands within the street, but is apprehensive that the defendants may attempt to interfere with or prevent his doing so, and may prevent the construction and maintenance of a spur or switch to connect his lands with the track of the Lake Shore Railway Company. No efficient connection can be made with the railroad of the defendant for business purposes, because of its elevation. If the abutments and posts in Alabama street and contiguous thereto were removed, a switch or siding could be easily constructed through that street to Scott street, and thus connect the railroad tracks of the Lake Shore with the plaintiff's premises. The abutments, posts and bridge were erected and are maintained by the

Lehigh Valley Railway Company without the consent or permission of the plaintiff. Their erection and maintenance and the erection of the elevated railroad bed have depreciated the value of the plaintiff's premises at least one-half, have depreciated their rental value about one-half, and as a consequence several building lots situated thereon cannot be rented and have been and are tenantless. The erection of the abutments and posts, the construction of the bridge and superstructure thereon, and their maintenance have caused the plaintiff continuous damage. The defendants have been and are guilty of numerous trespasses upon his land by running locomotives and cars over it each day. A multiplicity of actions would be necessary to recover for such trespasses, and the plaintiff has no adequate remedy at law to redress them. Subsequently to the construction of such road and bridge by the Lehigh Valley Railway Company, by some arrangement or agreement with the Lehigh Valley Railroad Company, it leased and licensed of the latter the right to use and occupy its line of railroad, including such bridge and superstructure. The two railroad companies are continuously maintaining such posts, abutments and bridge, and continuously trespassing upon the property of the plaintiff.

The foregoing is a brief synopsis of the material facts alleged in the complaint. The relief sought was a judgment adjudging and determining: 1. That the construction of the bridge was illegal, and became a part of the property of the plaintiff and that he was entitled to remove it; 2. That it was illegal, and its maintenance was a public nuisance from which the plaintiff suffered special injury; 3. That the running of locomotives and cars across the plaintiff's premises within the line of the street constituted trespasses for which no adequate remedy at law is available, and that the plaintiff is entitled to an injunction restraining the defendants from trespassing upon such lands and property within the bounds of the street; 4. That the plaintiff is at liberty to remove so much of such superstructure as is within the lines of the street, and that the defendants be enjoined from interfering with the plaintiff in

removing them and to recover the expense thereof from the defendants in this action; 5. That the plaintiff have damages; and, 6. That he have costs and such other relief as may be just.

The facts stated are admitted by the demurrer. Hence, the only question is whether a cause of action is alleged or can be fairly gathered from all the averments contained in the complaint. A demurrer upon that ground can be sustained only when it appears that, after admitting all the facts alleged or that can by reasonable and fair intendment be implied from them, the complaint fails to state a cause of action. (*Marie* v. *Garrison*, 83 N. Y. 14; *Sanders* v. *Soutter*, 126 N. Y. 195.)

Under the more recent authorities, pleadings are not to be construed strictly against the pleader, but averments which sufficiently point out the nature of the pleader's claims are sufficient, if under them he would be entitled to give the necessary evidence to establish his cause of action. (*Rochester R'way Co.* v. *Robinson*, 133 N. Y. 242, 246.)

The alleged facts being admitted, it becomes obvious that the plaintiff was entitled to recover in this action. He was the owner in fee simple of the land where the bridge, or at least a portion of it, was placed, subject only to the right of way of the public over it. If the street should be discontinued or abandoned, he would have the entire and exclusive title and right of possession to the property within its bounds. Therefore, notwithstanding the right of the public to an easement in the street, he, as the owner of the soil, possessed an interest which would entitle him to remove any unauthorized erection upon his premises. (*Eels* v. *American Telephone & Tel. Co.*, 143 N. Y. 133; *Williams* v. *N. Y. Central R. R. Co.*, 16 N. Y. 97; *Henderson* v. *N. Y. Central R. R. Co.*, 78 N. Y. 423; *McGean* v. *M. E. R. Co.*, 133 N. Y. 9; *Bowen* v. *D., L. & W. R. R. Co.*, 153 N. Y. 479.)

Where trespasses upon land are continuous, the owner has a right to invoke the power of a court of equity to restrain such trespasses, and thus prevent a multiplicity of suits. That

58

doctrine is fully sustained by the cases cited. Hence, it is clear that the complaint stated a cause of action, and the judgment of the Special Term overruling the demurrer was properly affirmed.

The learned Appellate Division, after allowing the appeal in this case, certified to this court for its determination the following questions :

" 1. Does the complaint in this action state a cause of action ?

2. Is the plaintiff entitled to restrain the operation of the defendants' railroad across Alabama street for the reason that he is the owner of the fee of Alabama street ?

3. Is the plaintiff entitled to restrain the operation of the defendants' railroad because of damage alleged to have been done to the plaintiff's property outside of the bounds of Alabama street ?

4. Is the plaintiff entitled to more than nominal damages because of the alleged trespass upon the fee of Alabama street ?

5. Is the plaintiff entitled to damages because of any alleged injury to the block of land south of the railroad and west of Alabama street, and lying wholly outside of the bounds of Alabama street ? "

The only question involved on the appeal to the Appellate Division was whether the complaint stated facts sufficient to constitute a cause of action. That was the only question determined by that court. Consequently, it is the only question that can be determined here. We have several times held that section 190 of the Code of Civil Procedure confines the jurisdiction of the Court of Appeals to the review of actual determinations made by the Appellate Division. It is erroneous to suppose that a question may be certified for determination by the Court of Appeals where it did not arise or was not passed upon by that court. We have only such jurisdiction as is conferred by statute. This does not include the determination of abstract questions, nor those which are not actually determined by the court certifying them. (*Grannan* v. *Westchester Racing Assn.*, 153 N. Y. 449 ; *Baxter* v. *McDonnell*, 154 N. Y. 432, 436 ; *Hearst* v. *Shea*, 156 N. Y. 169 ;

*Schenck* v. *Barnes*, 156 N. Y. 316.)  Therefore, as the only question passed upon by the Appellate Division was whether the complaint stated a cause of action, it is the only question this court can properly answer.  That question we answer in the affirmative.  The other questions we decline to answer.

The judgment should be affirmed, with costs.  The first question is answered in the affirmative and the other questions certified are not answered.

All concur.

Judgment affirmed.