(33 Misc. Rep. 717.)

RENO OIL CO. v. CULVER et al.

(Supreme Court, Special Term, New York County.　January, 1901.)

1. CORPORATIONS—STOCK—FRAUDULENT ISSUE—EQUITY.

　　A bill by a corporation against its president and others, alleging that defendants unlawfully caused to be issued to themselves stock of the corporation in excess of the legal issue of the capital stock entitled to vote at stockholders' meetings, with intent to appropriate the property to their own use; that the corporation received no consideration, and defendants refused to deliver up such stock,—stated a cause of action, as such issue, being undistinguishable on its face from genuine stock, was a cloud on the title of owners of genuine stock, entitling them to equitable relief.

2. PLEADING—DEMURRER—PRESUMPTIONS.

　　On demurrer to a pleading, all reasonable intendments are indulged in favor of the pleading.

3. ACTION—MISJOINDER.

　　An action by a corporation against its president and others for the cancellation of stock which defendants unlawfully caused to be issued to themselves was not a misjoinder of causes of action, though defendants held under different circumstances and conveyances, and claimed different rights; the false certificates having a common origin and common ground of invalidity.

Action by the Reno Oil Company against Charles V. Culver and others.　Demurrer to complaint.　Overruled.

Louis O. Van Doren, for plaintiff.

Coleridge A. Hart, for defendant Culver.

Walter R. Eaton, for defendants Haston & Magor.

F. C. Cantine, for defendant Hutchinson.

E. W. Crittenden, for defendant Jordan.

McADAM, J.　The plaintiff, a foreign corporation, complains that the defendant Culver, its president, acting in collusion and privity with other defendants, caused to be illegally and unlawfully issued at different times 100,210 shares of the plaintiff's stock; that such shares were delivered to Culver and other defendants with the intent and design of appropriating the property to their own use; that the corporation received no value therefor; that upon demand certain of the defendants have refused to return the certificates so illegally issued; that said certificates are clouds upon the title of the genuine stockholders; that the aggregate of the fraudulent issue exceeds the legal issue of the capital stock entitled to vote at the stockholders' meeting; and prays, among other things, for an injunction pendente lite restraining the defendants from dealing with any of the stocks so issued, and for cancellation of the certificates.　Each of the five defendants demurs to the complaint.　The demurrers are based on several grounds, but the only grounds which appear to merit serious consideration are (1) that the complaint does not state facts sufficient to constitute a cause of action; and (2) that causes of action have been improperly united.

1. In Railroad Co. v. Schuyler (and 325 other defendants) 17 N. Y. 592, it was held that spurious certificates of stock in a railroad corporation, issued by the officer having apparent authority to do so, undistinguishable upon their face from the certificates of genuine stock, and outstanding in the hands of numerous holders as evidences of

interests in the property of the corporation, are clouds upon the title of the genuine stockholders which a court of equity will remove, and that the corporation may bring a suit for this purpose as the representative of the genuine stockholders and in their behalf. It is difficult to distinguish that case from the present one. It may be that the allegations of the complaint in some instances fall short of technical compliance with the rules of pleading in such an action as this; but a complaint on demurrer is deemed to allege what can be implied from the allegations therein by reasonable and fair intendment (Marie v. Garrison, 83 N. Y. 14, 23; Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251, 1 L. R. A. 281); and all reasonable intendments are indulged in support of the pleading demurred to (Lorillard v. Clyde, 86 N. Y. 384; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513); and, when the complaint states facts which entitle the plaintiff to any relief, it states a cause of action (Mackey v. Auer, 8 Hun, 180; Hale v. Bank, 49 N. Y. 627). A demurrer upon the ground that the complaint does not state a cause of action can be sustained only when it appears that, after admitting all the facts alleged, or that can by reasonable and fair inference be implied from them, the complaint fails to state any right of recovery. Coatsworth v. Railway Co., 156 N. Y. 451, 51 N. E. 301. Here, as in the Schuyler Case, supra, there was an unauthorized issue of stock, which could not upon its face be distinguished from that which had been lawfully issued, thereby creating a cloud upon the title of the genuine shareholders. This spurious issue has in this instance found its way into the possession of the defendants wrongfully and without value, but under circumstances which might make the stock available as a valuable security in the hands of bona fide purchasers. The stock so held by the defendants is apparently valid on its face, and it requires no resort to extrinsic evidence to show its validity in the hands of bona fide holders. In this respect the case is distinguishable from Town of Venice v. Woodruff, 62 N. Y. 462, and kindred cases, and more closely resembles Town of Springport v. Teutonia Sav. Bank, 75 N. Y. 397, in which the right to equitable relief was sustained. See, also, Calhoun v. Millard, 121 N. Y., at pages 78, 79, 24 N. E., at page 28. A reading of the pleading in the light of the rules applicable on such demurrer discloses a good cause of action against each of the defendants, and the demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action must therefore be overruled.

2. The objection that causes of action are improperly united is also met by Railroad Co. v. Schuyler, supra. It was held there that, the false certificates of stock having a common origin and common ground of invalidity, the holders, although they became such under different circumstances and conveyances, and claimed different rights, were all properly joined as defendants in an action for the cancellation of the certificates, and that the joinder of too many persons as defendants, where there is no misjoinder of subjects, is not a ground of demurrer by any one of them against whom the plaintiff states a good cause of action. The facts in that case and in this are almost identical, and the demurrer must be overruled.

Demurrers overruled, with leave to answer over on the usual terms.