(34 Misc. Rep. 645.)

### CARPENTER et al. v. ADICKES et al

(Supreme Court, Special Term, New York County. April, 1901.)

FRAUDULENT CONVEYANCE—ACTION TO SET ASIDE—COMPLAINT.

> A complaint alleged that the principal defendant was insolvent and indebted to plaintiff on an unmatured note when she transferred all her property and business to her children, who were also made defendants, either without consideration, or because of money alleged to have been loaned her by them; that she thereafter continued her business in the same manner, inducing plaintiff, who did not know of the transfer, to take other notes, which were unpaid, and the basis, in part, of a judgment obtained by complainant; that such transfers were fraudulent and intended to delay creditors; and that defendants fraudulently conspired for that purpose, and held the property in trust for the creditors of the principal defendant. *Held* not demurrable as failing to state a cause of action.

Action by Francis M. Carpenter and James H. Pettengill against Mathilda M. C. Adickes and others to have certain transfers of property set aside. Demurrer to complaint overruled.

Charles M. Parsons, for plaintiffs.

Straley, Hasbrouck & Schlaeder, for defendants.

LAWRENCE, J.   The action is brought by the plaintiffs, as judgment creditors of the defendant Mathilda M. C. Adickes, upon whose judgment an execution has been issued and returned unsatisfied, to have certain transfers of personal and real property made by said defendant to her children, the co-defendants, adjudged fraudulent and null and void as against her creditors; and a demurrer has been interposed by all the defendants upon the ground that the complaint does not state facts sufficient to constitute a cause of action. It is well settled that "a demurrer upon the ground that the complaint does not state a cause of action can be sustained only when it appears that, after admitting all the facts alleged, or that can by reasonable and fair intendment be implied from them, the complaint fails to state a cause of action." Coatsworth v. Railway Co., 156 N. Y. 451, 51 N. E. 301; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513.   Tested by this rule, I think the demurrer in this case is not well taken.   The complaint alleges that the defendant Fredericka R. Adickes for many years prior to 1898 owned and conducted a coal and wood business at No. 18 Seventh avenue and No. 43 Perry street, New York City, borough of Manhattan; that on or about the 26th day of September, 1900, the plaintiffs duly recovered judgment in the supreme court, by default, for the sum of $2,157.10; that said judgment was duly docketed in the county of New York, and execution duly issued thereon to the sheriff, and that said execution was returned wholly unsatisfied, and that there is now due and owing the plaintiffs thereon the aforesaid sum, with interest from said day; that said Fredericka R. Adickes is the mother of the other defendants, and prior to the 12th of October, 1898, said Fredericka carried on the aforesaid coal and wood business under the firm name and style of Fredericka R. Adickes; that on the 3d of October, 1898, she sold, assigned, and transferred the said business, and all its appurtenances, to Eibe H. Adickes for the sum of $1,200, to Edward J. C. Adickes for the sum of $600, to Frederick J. Adickes for the sum of $400, it being alleged that the consideration for said transfers was wages earned and money loaned by said assignees to the assignor; that on the 3d day of October, 1898, the defendant Fredericka assigned and transferred all her real property described in the complaint to her two daughters, Mathilda and Annie, for a nominal consideration; that the property was mortgaged in two mortgages for $8,000, which mortgages were canceled on the 25th day of November, 1899, and a new one issued on the same day for $9,000 in favor of Alfred P. Mayo, and remains thereon at present; that at and prior to the time of said transfer, and since and at the time of the commencement of this action, the defendant Fredericka R. Adickes was wholly insolvent, and, with intent to delay, hinder, and defraud her creditors, transferred the aforesaid business and real estate to the other defendants, and that they conspired to fraudulently prevent the plaintiffs from their lawful rights; that prior to the time of said transfers, and up to the 19th day of December, 1898,

said defendant Fredericka, through her attorney in fact, Mathilda M. C. Adickes, made notes payable to plaintiffs' order amounting to $1,000, and on the day of said transfer two notes of Fredericka R. Adickes, aggregating $951.62, were in plaintiffs' bank awaiting maturity; that after said transfers the said Fredericka R. Adickes continued to transact her said business in like manner and in like intent, by soliciting and urging, both in person and through her attorney, in fact, and by letters, to make notes to the order of these plaintiffs, and made them believe that she was still the lawful owner and holder of the premises and business aforesaid, and in consequence thereof the plaintiffs accepted two notes to their order aggregating $897.64, dated October 27, 1898, and December 19, 1898; that plaintiffs did not know of above transfers until the 21st day of December, 1898, and thereupon refused to have any further dealings with the defendant Fredericka; that on or about the 21st day of December, 1898, the name and style of said coal and wood business was changed to the name of Eibe H. Adickes, and the same appears on their wagons and remains thereon at present; that the property so transferred comprises all the property of Fredericka R. Adickes applicable to the payment of her debts, and said transfers leave her insolvent; that the dates set forth in the complaint as to the times of filing said transfers were taken from the records of the register's office of the county of New York; that said property is now held by the said transferees as trustees for the benefit of creditors of said Fredericka R. Adickes, etc.

It was held in the case of Coatsworth v. Railway Co., supra, that "averments which sufficiently point out the pleader's claims are sufficient, if under them he would be entitled to give the necessary evidence to establish his cause of action." It seems to me that under this complaint the plaintiffs may be said to have alleged that the transfers in question were made with intent to defraud the creditors of the said Fredericka Adickes, and among them the plaintiffs, and that as it is alleged that by making such transfers at the time she was insolvent she stripped herself of all her property, while notes in the sum of $1,000 were outstanding against her, the transaction must be deemed presumptively fraudulent. Bank v. Miller, 163 N. Y. 164, 57 N. E. 308; Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082. I have not overlooked the case of Wood v. Amory, 105 N. Y. 278, 11 N. E. 636, which is much relied on by the plaintiffs' counsel, nor other cases which support the general proposition that mere general allegations of fraud or conspiracy are of no value as stating a cause of action. In that case the action was brought for a conspiracy, and it was held that:

"No legal duty rests upon a party to an action, in whose favor a judgment has been rendered therein, to disclose a mistake made in his favor to his opponent; and an agreement between him and an assignee of the judgment to keep silent as to the mistake is not actionable fraud, and such an agreement is not made illegal by an averment in an action for alleged fraud that it was made pursuant to conspiracy and collusion between the parties."

That was a very different case from this. This is a case in which a transfer is made by a mother in insolvent circumstances to her

children, and it is alleged, either directly or impliedly, under the decisions of the court of appeals above mentioned, that the transfer was made with intent to hinder, delay, and defraud the creditors of the mother, and among others the plaintiffs. The action is not one for conspiracy. The case of Cohn v. Goldman, 76 N. Y. 284, was also a case of conspiracy, in which no facts were alleged, and the complaint simply stated that "the defendants, in concert, did, by connivance, conspiracy, and combination, cheat and defraud the plaintiff out of certain goods of a value specified"; and it was there held that the complaint did not state facts sufficient to constitute a cause of action. I do not think the case is any authority for holding the complaint in this case as insufficient. For these reasons, I am of the opinion that the plaintiffs are entitled to an interlocutory judgment overruling the demurrer, with costs, with leave to the defendants to answer upon payment of costs.

Demurrer overruled, with costs, with leave to defendants to answer upon payment of costs.