The plaintiff was frightfully injured, and the undisputed evidence is that she is a physical wreck. For such injuries the jury have awarded her $25,000. The learned trial judge considered that in view of the injuries sustained this verdict was inadequate, and has therefore directed that the case should be again tried before another jury. In view of the attitude of the defendant and its insisting that a new trial should be granted, I do not think that we should reverse this order.

The order is affirmed, with costs to the respondent. All concur.

---

### AMPERSAND HOTEL CO. v. HOME INS. CO. et al.

(Supreme Court, Appellate Division, Third Department. March 10, 1909.)

**1. PLEADING (§ 34*)—CONSTRUCTION—RULES GOVERNING.**

In determining the sufficiency of a pleading, facts reasonably deducible from the allegations must be considered, as well as such allegations.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 66–75; Dec. Dig. § 34.*]

**2. APPEAL AND ERROR (§ 919*)—REVIEW.**

The allegations of a defense must be taken as true, on appeal from an order dismissing it on the ground of insufficiency in law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3713; Dec. Dig. § 919.*]

**3. EVIDENCE (§ 64*)—PRESUMPTIONS—CONSEQUENCES OF ACTS.**

One is presumed to intend the natural consequences of his acts.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 84; Dec. Dig. § 64.*]

**4. INSURANCE (§ 333*)—FIRE INSURANCE—DEFENSES.**

Under a provision that a fire policy should become void on the hazard being increased by any means within insured's control or knowledge, it is a good defense to a suit on the policy that insured corporation, through one who owned nearly all its stock and who was its director, treasurer, and manager, fraudulently conspired with a specified person and others, whereby it was planned that such person should procure some one to burn the property to enable insured to collect the insurance, and that while the plan and conspiracy still existed and was in process of accomplishment the property was burned.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 333.*]

Appeal from Trial Term, Franklin County.

Action by the Ampersand Hotel Company against the Home Insurance Company and another. From a judgment for plaintiff, the named defendant appeals. Reversed, and new trial granted.

See, also, 115 N. Y. Supp. 1108.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Hartwell Cabell, for appellant.
William B. Ellison, for respondent.

COCHRANE, J. This is an action on a policy of fire insurance issued by the appellant on a hotel of the plaintiff known as the Hotel Ampersand and on personal property contained in said hotel. The property was destroyed by fire September 23, 1907. The policy was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the usual standard form, containing the customary provisions generally found therein. At the opening of the trial, on motion of plaintiff, the court dismissed one of the defenses in the answer on the ground that the facts therein stated were insufficient in law. The court treated such motion as in effect a demurrer to the defense. The question for us to determine is whether such defense as pleaded would be sufficient as against a demurrer.

The policy contained the following provision:

"This entire policy shall be void * * * in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

And also this further provision:

"This entire policy shall be void * * * if the hazard be increased by any means within the control or knowledge of the insured."

The defense in question, after alleging the foregoing provisions of the policy, continues as follows:

"That at the time of said fire of September 23, 1907, and for a long time prior thereto, one Charles M. Eaton was the owner of, to wit, $110,900, par value, of the stock of plaintiff; that the total amount of plaintiff's capital stock issued and outstanding was $115,000, par value; that said Eaton has been continuously since the organization of plaintiff, and is now, the treasurer and a director of plaintiff, and in complete control and management of its business and affairs; that on or about the 10th day of September, 1907, plaintiff, through said Eaton, and for the purpose of collecting upon said policy of insurance, entered into a fraudulent conspiracy with one Herman Van de Wall, alias Frank, and others, wherein it was planned that said Van de Wall should procure some person or persons to cause the destruction of said property by fire, to enable the plaintiff to recover from the defendant the insurance mentioned in said policy described in the eighth paragraph of this answer; that while said plan and conspiracy was still in existence and in process of accomplishment, the said fire of September 23, 1907, occurred; that said plan and conspiracy was a fraud on this defendant; and that the hazard insured against under said contract of insurance was thereby greatly increased, whereby, and by reason of said fraud and increase of hazard, said policy became and was on the date of said fire null and void."

The appellant disclaims that the fire occurred as the result of the conspiracy alleged in this defense, and we do not indulge in such an inference; but it is a proper inference from the phraseology employed that plaintiff was actually procuring some person or persons to burn the property when the fire occurred. In Coatsworth v. Lehigh Valley Railway Company, 156 N. Y. 451, 457, 51 N. E. 301, 303, it was said:

"Under the more recent authorities, pleadings are not to be construed strictly against the pleader; but averments which sufficiently point out the nature of the pleader's claims are sufficient, if under them he would be entitled to give the necessary evidence to establish his cause of action."

In determining the sufficiency of a pleading we are obliged to consider, not only the facts specifically alleged, but also such facts as can by reasonable and fair intendments be implied from them. Coatsworth v. Lehigh Valley Railway Company, supra; Marie v. Garrison, 83 N. Y. 14; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263.

Guided by these rules, the question is, what might have been estab-

lished under the pleading? It is expressly alleged that the conspiracy between plaintiff and Van de Wall was "in process of accomplishment," and such ·conspiracy was that Van de Wall should procure some person to burn the property. It is quite clear that appellant under this pleading might have established that plaintiff, in conjunction with Van de Wall, had paid or agreed to pay some person or persons to burn the property in order that plaintiff might recover the amount of insurance thereon, and that the persons so employed were actually proceeding in the fulfillment of such design; or plaintiff might have established other facts equally potent and effective towards the accomplishment of the same result. That such facts, if established, would constitute both a fraud against the insurer and an increase of the hazard, within the meaning of the provisions of the policy, so as to vitiate the same, seems to me to be quite clear. The learned trial justice was of the opinion that the facts alleged were merely a mental conception or a formation of a purpose to burn the property. If that were all which is alleged, the question would be entirely different; but it seems to me that the appellant was at liberty to prove under this pleading facts entirely beyond the zone of mental existence. The plan was in process of accomplishment. Steps had been taken to carry it into execution. The pleading alleges overt acts, and not merely a resolution or mental attitude.

It is not a question as to whether or not such acts, unconsummated or unproductive of actual damage, would constitute a cause of action against plaintiff. Ordinarily they would not. But the question is whether plaintiff, by this attempted fraud and by this increase of hazard, has broken the condition of its contract, whereby it agreed that for such or similar acts its contract should be void. In Dohmen Company v. Niagara Fire Insurance Company, 96 Wis. 38, 71 N. W. 69, it was said in reference to this question:

"In Maher v. Hibernia Ins. Co., 67 N. Y. 283, Folger, C. J., said, in effect, that fraud, as used here, means any trick or artifice by one to induce another to fall into error to his harm. To the same effect is Claflin v. Comm. Ins. Co., 110 U. S. 81, 3 Sup. Ct. 507, 28 L. Ed. 76, cited by appellant's counsel, and many other cases that might be cited. And the same rule applies whether the term used is 'fraud or false swearing,' or 'fraud or attempted fraud or false swearing.' No authority can be found, we may safely say, to sustain the contention that fraud which will avoid a policy under such a clause must have the elements necessary to constitute.a cause of action based on fraud. Where the deception or artifice practiced results in payment of the loss, in an action brought to recover back the money, all the conditions which the learned judge held requisite to make out fraud would be essential to sustain the cause of action. His difficulty grew out of a failure to distinguish between deception and artifice, constituting fraud liable to do harm, which avoids a policy of insurance under a contract which so provides, and a cause of action based on fraud. The effect of the foregoing is that any trick, artifice, or deception practiced with the object of securing some advantage in the adjustment or payment of a loss under a policy of insurance, to the prejudice of the insurer, and liable to have that effect, avoids the policy."

And admitting, as it must on this appeal, the existence of this wicked bargain and effort on its part, I am at a loss to see how plaintiff can claim that it has not increased the hazard incurred by the appellant under this contract of insurance. One is presumed to intend

the natural consequences of his own acts. The plaintiff intended to destroy this property. It took effective and aggressive steps in that direction. It set in motion agencies with that in view. How can it say that its efforts would not have proved successful, or that the hazard was not thereby increased? I think we are bound to assume under this pleading that, had the property not burned as it did from other causes, it would have burned as the result of this plan and conspiracy, fomented by plaintiff and which was in actual "process of accomplishment" when it was interrupted by the accomplishment of the desired result by other agencies. To say that this was not a fraud on the insurance company, or an increase of hazard, seems to be the denial of a self-evident proposition. When plaintiff set in motion a plan to burn the property, and procured others to execute the plan, the property was in greater danger than it would have been otherwise. I think, therefore, it was error to hold that this defense failed. to allege facts sufficient to defeat the policy, and that the appellant must be given an opportunity to make good its allegations.

Other objections are raised against this judgment; but, inasmuch as on another trial some or all of them may be eliminated by a possible change in the facts, it is unnecessary now to consider them.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.