(92 Misc. Rep. 246)

### CARPENTER v. WISE et al.

(Supreme Court, Special Term, Jefferson County. November, 1915.)

1. PLEADING ⊚⟶193, 214—DEMURRER TO COMPLAINT.

   A demurrer to a complaint, admitting all the facts alleged in it, can be sustained only when, admitting all the facts alleged and those that can by reasonable and fair intendment be implied from them, the complaint fails to state a cause of action.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 425, 428–435, 437–443, 525–534; Dec. Dig. ⊚⟶193, 214.]

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. MUNICIPAL CORPORATIONS ⬬999—TAXPAYER'S ACTION—CITY'S RIGHT OF ACTION.

Where a city's property is to be taken without return, the city refusing to take action to protect it, a taxpayer may maintain it under General Municipal Law (Consol. Laws, c. 24) § 51, which, after authorizing action by a taxpayer against officers of a city to prevent any illegal official act by them, or waste or injury to any property of the city, provides that such section shall not be construed to take away any right of action from a city, but that any right of action in its favor may be enforced by action by the persons hereinbefore authorized to prosecute and maintain actions.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2149; Dec. Dig. ⬬999.]

3. MUNICIPAL CORPORATIONS ⬬225—DISPOSITION OF PROPERTY—CONSIDERATION.

A city council has no power, even on direction of a majority of the taxpayers, to dispose of the city's property by gift or without consideration.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 626-641, 643; Dec. Dig. ⬬225.]

4. MUNICIPAL CORPORATIONS ⬬225—REAL ESTATE—MODE OF SALE.

A private sale of right to set waters back on a city's property is not permissible; its charter, Laws 1897, c. 760, § 47, requiring sale of its real estate to be at public auction.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 626-641, 643; Dec. Dig. ⬬225.]

5. MUNICIPAL CORPORATIONS ⬬1000—TAXPAYER'S ACTION—JOINING CITY.

Under General Municipal Law, § 51, a city having a cause of action against an individual, which it should prosecute, and its governing body wrongfully neglecting or refusing to commence it, a taxpayer may bring action against the individual to redress the wrong to the city, and join it as a proper party defendant, representing all its members for determination of the rights of all concerned; its charter (Laws 1897, c. 760) providing that its territory shall be a city by the name of W., and its citizens a corporation by the name of the city of W., and in such name may sue and be sued.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2167-2172, 2198; Dec. Dig. ⬬1000.]

Action by Levi Carpenter, Jr., against James B. Wise and the City of Watertown. Motion for judgment on pleadings granted, and demurrer to complaint overruled.

John Conboy, of Watertown, for plaintiff.

Harold L. Hooker, of Watertown, for defendant City of Watertown.

William W. Kelley, of Watertown, for defendant Wise.

DEVENDORF, J. This is a motion by plaintiff under section 547 of the Code of Civil Procedure for judgment on the pleadings. The action is brought by a taxpayer to determine the rights of the defendants in and to their respective water powers on Black river, to restrain the defendant Wise from raising his dam to the height of 473 feet above sea level, and to prevent the construction thereof.

[1] The defendants demur to the complaint on the grounds (1) that it fails to state facts sufficient to constitute a cause of action; and

⬬For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

(2) that there is a defect of parties defendant. All the facts alleged in the complaint are admitted by the demurrer, and it can be sustained only when it appears that, after admitting all the facts alleged or that can by reasonable and fair intendment be implied from them, the complaint fails to state a cause of action. Coatsworth v. Lehigh Valley R. Co., 156 N. Y. 451, 51 N. E. 301.

The complaint alleges that the city is the owner of a valuable water power in the Black river, in the town of Pamelia; that it has built a dam and developed a power with about 30 feet head, utilizing therefor the entire flow of the stream; that it owns the entire bed thereof for a given distance, as also the banks of the river, and is in possession thereof; that the city by hydraulic development is about to utilize, of said property, sufficient to construct proper dams, flumes, bulkheads, and tailraces, and to flow the same and all parts thereof; that it is entitled to the whole flow of the river, and to the development of the said 30 feet head, and to have the water flow away from its wheels without interference; that defendant Wise claims to own the water power next below that of the city, and the entire bed of the river below the city's west line on the south side of the stream, and also the north side for a given distance; that he has recently constructed a dam across the river to develop power, and claims the right to use the entire bed thereof; that his predecessors in title built the first dam on that location in 1890, constructing it at a level of about 471½ feet above tidewater datum; that it was so built and maintained by and with the express license of the city; that in 1898 said dam was wrongfully, and without the knowledge of the city, increased in height about 17 inches, but such raise in height was not known to the officers of the city until 1913; that neither Wise nor his predecessors in title had a right to construct said dam to a height greater than 470 feet above tidewater datum; that he had no more than a usufructuary right in the north half of the river at said premises, and that the development of the city's power thereat may and can be made without interference with or injury to his rights; that the elevation of the Wise dam to 473 feet will cause a loss of 600 horse power to the city, such loss being caused by the damming, obstructing, and flowing back of the waters of the river upon the city's lands, its tailrace, flumes, and wheels; that Wise has applied to the common council of the city for a grant of the right to erect his dam to a height of 473 feet above tidewater datum, and to flow the waters impounded and held thereby back, upon, and over the lands of the city, and asks that the grant be made without consideration and as a gift; that he threatens to construct his dam to said height in violation of the city's rights; that in November, 1914, upon his threatening to wrongfully and unlawfully construct said dam, as aforesaid, the city through its constituted authorities began an action in the Supreme Court against him, wherein it alleged the facts hereinabove stated and asked that he be restrained from the erection of said dam to a height greater than 470 feet above sea level; that the city obtained an injunction restraining him from such construction pending the hearing and determination of the action; that in February, 1915, the common council of the city threat-

ened to discontinue said action and dissolve the injunction against Wise, and grant him at private sale the right to build the dam to the height of 473 feet above tidewater datum, without the payment of any consideration therefor; that the plaintiff brought an action against the mayor, president, and common council of the city to restrain the granting, selling, or giving away to Wise, or any other person, any of its property or rights, or from settling or discontinuing the action, or from dissolving the injunction, and procured a restraining order pending a motion for temporary injunction; that thereafter an order was granted in the last-mentioned action, enjoining and restraining the defendants, and each of them, from selling, transferring, or giving away to Wise the right to erect his dam higher than 470 feet above tidewater datum; that the injunction was continued, with the exception of that part of it which enjoined the city from settling and discontinuing the action; that at a meeting of the common council in the city of Watertown, April 6, 1915, a resolution was adopted directing the mayor and the city attorney to discontinue the action by the city against Wise and to dissolve the injunction; that the direction was carried out accordingly; that on the 20th of April the plaintiff presented a petition requesting the city to commence an action against Wise to determine his rights to the water power and the height to which he may lawfully construct his dam, and to demand a permanent injunction; that the request of the petitioner was denied; that the city and common council wrongfully refused to bring an action against Wise to protect the city's rights, and consented that he might take and appropriate to his own use, without compensation, the city's water power, worth at its fair rental value about $9,000 per year; that loss and damage will result to the taxpayers of the city of Watertown, and to each of them, and to the city itself, if Wise is permitted to appropriate to his own use said power, and it will cause the unwarranted waste and expenditure of the public funds and property.

[2] Whether these facts can be proven upon the trial is not to be determined upon this motion, but by the demurrer the defendant concedes that the city owns this valuable water power, 30 feet head of the whole of Black river; that Wise is about to construct a dam below that of the city to a height which will cause the water to set back upon the city's lands, thereby reducing the power thereof by 600 horse, which is worth $9,000 per year; that it is to grant him this privilege or property without compensation of any kind; that the development of the city's power is without interference with the Wise property. It therefore needs none of his rights or property to fully develop its water power.

Clearly, if these facts are true, a cause of action is stated in favor of somebody. The city's property is to be taken without return. In my opinion (the city refusing to take action to protect its property) the taxpayer has a right to maintain the action as such under the provisions of section 51 of the General Municipal Law, which provides that all officers and other persons acting for or on behalf of any municipal corporation in this state, and each and every one of them, may be prosecuted, and an action may be maintained against them to pre-

vent any illegal official act on their part, or to prevent waste or injury to any property of such municipal corporation by any person whose assessment shall amount to $1,000 and who shall be liable to pay taxes on such assessment in such municipal corporation. This section shall not be so construed as to take away any right of action from any county, town, village, or municipal corporation, or from any public officer, but any right of action now existing, or which may hereafter exist in favor of any county, town, village, or municipal corporation, or in favor of any officer thereof, may be enforced by action or otherwise by the persons hereinbefore authorized to prosecute and maintain actions.

[3] The majority of the taxpayers of the city had no power to direct the common council to dispose of the city's property by gift, or without compensation, and the council had no right or authority to follow out such instruction, if given. It is true that the city claims that the rights given to Mr. Wise were to be in consideration of his conveyance to it of certain rights or property, but that does not appear in the complaint. On the contrary, it alleges that the development of the city's power may and can be made without interference with, or injury to, the Wise property or rights. If that is the fact, then what he is to grant to the city is unnecessary and without value, and the 3 feet head granted to him would be without consideration.

[4] Section 47 of the Watertown charter provides that:

"No resolution or ordinance shall be passed making or authorizing the sale or lease of city real estate * * * except by the vote of two-thirds of all the members of the common council; and in case of the sale of real estate * * * the resolution must provide for a disposition under proper regulations for the protection of the city, at public auction, after public notice, to the highest bidder."

The charter, therefore, provides how real estate of the city may be disposed of. Little would be accomplished by a public sale of a right to set the waters back to the height of three feet upon the city's property, especially so with the Wise dam already constructed below, but the literal language of the statute does not permit of a private sale.

[5] I am of the opinion that this action can be maintained against both Mr. Wise and the municipality; the plaintiff in that respect, under section 51, General Municipal Law, taking the place of the municipality as against Wise, and then joining it as a proper party. The plaintiff alleges that the municipality has a cause of action which it should prosecute against Wise and that its governing body wrongfully neglects or refuses to commence it. If that is so, then a taxpayer, on behalf of himself and all others similarly situated, may bring suit to redress the wrong to the corporation and may make it a defendant representing all its members.

Chapter 760, Laws of 1897 (Watertown Charter), provides that the district of the country included within the boundaries described therein shall be a city by the name of "Watertown," and the citizens, inhabitants within said boundaries, shall be a corporation by the name of "the city of Watertown," and as such in that name may sue and be sued. Therefore, to determine the rights of all concerned, I see noth-

ing unjust or illegal in making such city a party defendant in this action.

The plaintiff does not claim in his pleading that the proposed action of the city is the result of fraud, dishonesty, or erroneous judgment, but that it and its officials have no power to give away or grant without consideration valuable rights and water power of the municipality, and prays for relief as against all illegal acts of the parties. The majority has no right to take from the minority its vested rights to the use and benefit of certain property and confer them without consideration, or as a gift, upon an individual. A taxpayer's action is authorized either to prevent an illegal act against, or waste or injury to, the property of the municipality. Brill v. Miller, 140 App. Div. 602, 125 N. Y. Supp. 865.

Where a municipality and the officials acting in its behalf have the power to make contracts and there is neither fraud nor waste, whether it is for the best interests of the municipality is solely for the decision of those officials. Admiral Realty Co. v. City of New York, 206 N. Y. 110, 99 N. E. 241, Ann. Cas. 1914A, 1054. This rule is not applicable here, a discretionary act is not involved. In the case at bar the allegations of the complaint show an illegal act—an act contrary to the provisions of the statute and the state Constitution.

I have not overlooked the claim of Mr. Wise's counsel as to the language contained in the deeds mentioned in the complaint, but from the pleadings I cannot settle or determine the true location of the lot lines and extent of rights granted and reserved. The city could have maintained an action against Wise if he caused the waters of the river to flow and set back upon its lands and water power. Hence a taxpayer, upon its refusal to act, can bring suit to protect his rights and the interests of those similarly situated, as above stated. Section 51, General Municipal Law. I have come to the conclusion that the complaint states a cause of action.

The motion is therefore granted, and the demurrer overruled, with $10 costs. Leave to answer given on payment thereof.